## Commonwealth *v.* Strobel, Appellant.

Argued October 8, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Lee C. McCandless,* for appellant.

*Randolph C. Ryder,* Deputy Attorney General, with him *Robert B. Greer, Jr.,* for appellee.

OPINION BY MR. JUSTICE JONES, November 9, 1953:

The Secretary of Revenue, acting pursuant to authority conferred by Sec. 615 (b) 2 of The Vehicle Code of May 1, 1929, P. L. 905, as amended (75 PS §192 (b) 2), cited Kenneth Strobel, the present appellant, for a violation of the Code and, following a hearing, suspended his operator's license for a period of three months. The offense alleged was that Strobel had driven an automobile on a highway at a speed considerably in excess of fifty miles per hour. He appealed the suspension to the Court of Common Pleas of Butler County which entered upon a hearing of the matter as provided by Sec. 616 of The Vehicle Code as amended. The court did no more, however, than receive the testimony of the witnesses produced and, at the conclusion of the hearing, prepared and signed an order summarily dismissing the appeal at the cost of the appellant. At the end of the hearing, the court had stated that ". . . the position that I take is that the Supreme Court ought to designate what is proper

emergency under the circumstances that would justify the Court to renew a license. That is what I think of it. You will have to take an appeal."

The effect, if not the intendment, of the lower court's action was to pass the record on to this court for our independent conclusion from the testimony as to whether.the suspension was warranted. But, that is not within our province. Such a proceeding does not even come before us by appeal but is here only on certiorari: *Bureau of Highway Safety v. Wright,* 355 Pa. 307, 309, 49 A. 2d 783. Accordingly, our review is limited to determining whether the findings of the court below are supported by competent evidence and to correcting any conclusions of law erroneously made: *Commonwealth v. Herzog,* 359 Pa. 641, 642, 60 A. 2d 37.

Section 616 of The Vehicle Code contemplates that the hearing on an appeal to a court of common pleas from an order of the Secretary of Revenue suspending an operator's license shall be *de novo*: *Bureau of Highway Safety v. Wright* and *Commonwealth v. Herzog,* supra. In *Commonwealth v. Cole,* 350 Pa. 369, 371-372, 39 A. 2d 361, Mr. Justice PATTERSON said for this court in this connection,—"All of these [cited] cases hold that an appeal to the court is not for the purpose of reviewing the evidence taken before the secretary, and his action thereon, but to hear evidence and determine, *in the exercise of the court's sound discretion and in the furtherance of justice,* whether the license should be suspended" (Emphasis supplied). After the appeal has been heard *de novo,* it is the duty of the hearing judge to make findings of fact from the testimony whereon he may reasonably base his ultimate conclusion as to whether the suspension of the operator's license was warranted: see *Commonwealth v. Eisenmenger,* 365 Pa. 127, 130, 74 A. 2d 173, and

cases there cited. As stated more recently by Mr. Justice STEARNE in *Commonwealth v. Emerick*, 373 Pa. 388, 395, 96 A. 2d 370,—"Following such hearing *de novo* the hearing judge is required to make his independent findings of fact and exercise his discretion whether or not a suspension should be decreed." It is evident that this case must go back in order that the court below may properly discharge its responsibility in the premises.

Order reversed and case remanded for further proceedings in accordance with this opinion.