## Commonwealth v. Rhone, Jr.

*Robert E. Bull, Deputy Attorney General,* for Commonwealth.

*Donald A. Lewis,* for defendant.

KREISHER, P. J., July 19, 1954.—This petitioner, Harry J. Rhone, Jr., appeals from an order of the Secretary of Revenue suspending his motor vehicle operator's license for 90 days. The reason stated for the suspension was the improper use of a spotlight. The authority of the secretary is predicated upon the Act of August 24, 1951, P. L. 1368, sec. 6, 75 PS §192, which provides under subsection (*b*) 2:

"The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: . . .

2. That such person has committed any violation of the motor vehicle or tractor laws of this Commonwealth; . . ."

The Act of July 6, 1951, P. L. 998, 75 PS §193, gives to any person whose operator's license has been suspended the right of appeal to the court of common pleas of the county in which the operator resides, irrespective of the place of violation. The same act makes it the duty of the court to set the matter down for hearing upon 30 days' written notice to the secretary, and thereupon take testimony and examine into the facts of the case and determine de novo whether petitioner is subject to the suspension of his operator's license by the secretary under the provisions of The Motor Vehicle Code. The Supreme Court of Pennsylvania has said many times that the common pleas judge following the de novo hearing is required to make independent findings of fact and exercise his sound judicial discretion whether the suspension of the operator's privilege was warranted: Commonwealth v. Strobel, 375 Pa. 292, 294 and 295.

The section of The Vehicle Code allegedly violated by petitioner warranting the suspension of his operator's license is the Act of May 1, 1929, P. L. 905, sec. 802, as last amended by the Act of June 27, 1939, P. L. 1135, sec. 14, 75 PS §352, which provides:

"(a) Spot lamps.—. Any motor vehicle or motorcycle may be equipped with not to exceed one (1) spot lamp, and every lighted spot lamp shall be so aimed and used, upon approaching another vehicle, that no part of the high intensity portion of the beam will be directed to the left of the prolongation of the extreme left side of the vehicle nor more than one hundred (100) feet ahead of the vehicle."

Briefly, the uncontradicted evidence established that two members of the State Police were on patrol traveling east on the three-lane route 11 between Blooms-

burg and Berwick, this county, at the early morning hour of about 2:30 a.m. At the same time petitioner in company of his wife and another couple who occupied the rear seat of his automobile were traveling west with the headlights on high beam. The officer driving the patrol car, in order to remind petitioner to dim his lights for their approaching vehicle, switched the patrol car headlights from low beam to high beam and back to low beam.

The petitioner's car was equipped with a spotlight near the left cowl with a handle extending inside the car near the left side of the steering wheel. The handle contained a switch for turning the light on and off, and also enabled the operator to direct its beam in any desired direction.

Immediately after the officer flicked their headlights and a considerable distance before the cars passed, the spotlight on petitioner's car was lighted and the beam was directed toward the officers' windshield and continued to be so directed as the cars approached one another. As soon as petitioner's car and some additional approaching traffic passed, the officers turned their car around, gave chase and overtook petitioner's car when it was stopped in the parking lot of a diner a short distance from the alleged violation, where petitioner says they stopped for coffee.

Petitioner admits the spotlight was turned on for about 30 seconds but that it was by accident because he had his hand resting on the handle, which is very close to the steering wheel. He also claims the direction of the beam was not changed because something was broken. He states he dimmed his lights, but when he had a new head lamp installed it was put on high beam when the other lamp was on low beam, so that one or the other lamps was on high beam.

Petitioner further admits at least three other previous violations of The Vehicle Code, but being a truck

driver for some years he considers his record good, and he needs his license to earn a livelihood.

Petitioner was corroborated by the other occupants of his car, and the prosecuting police officer was corroborated by the other police officer who was riding in the patrol car.

If petitioner was driving at 50 miles per hour, the legal rate of speed for his vehicle on this highway, and the spotlight was on for 30 seconds as he says, then it was on for a distance of 2,640 feet or very near one-half mile, as a car traveling 50 miles per hour covers 88 feet per second.

We are inclined to believe the officers' testimony that the beam was directed into their windshield across the center line of the highway, as petitioner and his witnesses admitted they did not know it was a police car approaching them. Under the circumstances of this case, in the light of the recent appellate court decisions, it is apparent the appeal must be dismissed.

The opinion by Mr. Justice Allen M. Stearne in the recent appeal of Commonwealth v. Emerick, 373 Pa. 388, reviews the duty of the court on these appeals, and definitely announces the proposition that an operator's license which has been suspended may not be restored upon appeal solely on the ground of economic hardship. The learned court stated on page 400 of the opinion that:

"Every time a person is convicted of a crime and is sentenced to prison, he and his family doubtless suffer an economic loss. But this constitutes no excuse for defendant's wrongdoing. . . . Economic hardship standing alone is insufficient to excuse such a violation."

The testimony of the Commonwealth in this case is not seriously disputed, but petitioner endeavors to excuse his conduct on the ground of accident or mistake. We have carefully reviewed the record and

hesitate to conclude that the use of this spotlight, and the manner in which it was used, was an act of inadvertence or accident, nor do we find sufficient extenuating facts and circumstances in addition to the above-mentioned economic hardship that would justify the court in setting aside the decision of the Secretary of Revenue. The testimony of the officers was very positive, and in our opinion conclusively establishes a violation of the above-quoted act of assembly, which, under The Vehicle Code, justifies the secretary's action, and to sustain this appeal would undoubtedly amount to a gross abuse of discretion, and for the foregoing reasons the court makes the following

*Order*

And now, to wit, July 19, 1954, the appeal of Harry J. Rhone, Jr., is dismissed at the cost of the petitioner.