## Slobig License

Robert E. Bull, Deputy Attorney General, for Commonwealth.

Smith & Eves, for appellant.

KREISHER, P. J., August 3, 1954.—This petitioner, Donald L. Slobig, appeals from an order of the Secre-

tary of Revenue suspending his motor vehicle operator's license for 90 days; the reason stated for the suspension was reckless driving. The authority of the secretary is predicated upon the Act of August 24, 1951, P. L. 1368, sec. 6, 75 PS §192, which provides under subsection (b)2:

"The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: . . . 

2. That such person has committed any violation of the motor vehicle or tractor laws of this Commonwealth; . . ."

The Act of July 6, 1951, P. L. 998, 75 PS §193, gives to any person whose operator's license has been suspended the right of appeal to the court of common pleas of the county in which the operator resides, irrespective of the place of violation. The same act makes it the duty of the court to set the matter down for hearing upon 30 days' written notice to the secretary, and thereupon take testimony and examine into the facts of the case and determine de novo whether petitioner is subject to the suspension of his operator's license by the secretary under the provisions of The Vehicle Code. The Supreme Court of Pennsylvania has said many times that the common pleas judge following said de novo hearing is required to make independent findings of fact and exercise his sound judicial discretion whether the suspension of the operator's privilege was warranted: Commonwealth v. Strobel, 375 Pa. 292, 294 and 295.

The section of The Vehicle Code allegedly violated by petitioner warranting the suspension of his operator's license is the Act of May 1, 1929, P. L. 905, sec. 1001, as finally amended by the Act of August 24, 1951, P. L. 1368, sec. 28, 75 PS §481, which provides:

"(a) Any person who drives any vehicle . . . upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

Briefly, the uncontradicted evidence which was produced solely by petitioner, as the Commonwealth called no witnesses in the case, establishes that petitioner is a resident of the Town of Bloomsburg, 25 years of age, who has been operating motor vehicles for a livelihood as a truck driver for the past seven years.

That on October 30, 1952 at about 2 p.m., while bringing a load of oil from Reno, Pa., in an easterly direction on route 410, approximately four miles west of Clearfield and descending a slight incline, he discovered that his brakes were mechanically defective, and although traveling approximately 20 miles per hour, he endeavored to keep his speed slow by the use of his gears, but because of the incline he was gaining speed, and immediately in front of him was a lowboy hauling a large steam shovel traveling at a very slow rate of speed, and approaching him in the opposite direction was a passenger car, which prevented his passing the lowboy and steam shovel. So as not to run into the oncoming car on his left he pulled into the bank on the right and hit the left rear end of the lowboy and shovel, doing approximately $200 or $300 damage, which claim was satisfied by his insurance company.

The investigating officer did not see fit to lay any formal charge of reckless driving or other motor vehicle violation against him, and none was instituted. However, on May 15, 1953, he received a letter from the Department of Revenue directing him to appear before a representative of the department for a departmental hearing on June 10th at Sunbury. He appeared for this hearing and explained the foregoing facts of

this accident to the examiner, and on July 24, 1953, he received a notification that his operating privileges were suspended for a period of three months for reckless driving.

We have carefully read petitioner's testimony, and since it is uncontradicted by any witness for the Commonwealth, it must be taken as true, and under The Vehicle Code above quoted we are inclined to disagree with the findings of the department that under the particular facts and circumstances of this case petitioner committed any violation of The Vehicle Code.

The section of the code above quoted defining reckless driving is criminal in nature and must be strictly construed. See Commonwealth v. Kemp, 72 D. & C. 141. The testimony of petitioner that he was not exceeding 20 miles per hour when he approached the brow of this hill does not indicate that he was in any way carelessly disregarding the rights or safety of others, and the fact that his brakes failed as he descended the hill does not in our opinion make him guilty of violating this section of The Vehicle Code. The uncontradicted testimony indicates that his outfit had been inspected and was in perfect mechanical working order, with no notice to him that his brakes were defective. It is possible for an unavoidable accident to happen to any operator of a motor vehicle, and from the uncontradicted testimony in this case it appears that the facts and circumstances indicate an unavoidable accident which was not brought about by any previous careless or reckless operation.

The appellate court in the oft-quoted recent case of Commonwealth v. Emerick, 373 Pa. 388, 397 states:

"Where the testimony of the Commonwealth is *disputed* and there is credible conflicting testimony, the hearing judge must make findings of fact, and exercise

his discretion concerning suspensions. If the testimony supports such findings, his discretion will not be disturbed. And if the testimony so taken *de novo is undisputed*, but there are submitted to him extenuating facts and circumstances, such as, inter alia, inadvertence, emergency, unintentional or accidental violations, including, among other reasons, economic hardship, if adequately supported by the testimony, the exercise of the hearing judge's discretion will not be disturbed."

We are not unmindful of the important and heavy responsibility imposed by the legislature upon the Secretary of Revenue in enforcing The Vehicle Code, which was enacted for the benefit, care and protection of all the people, and we usually endeavor to follow their findings so as to foster the successful and efficient administration of government by coöperating with the Secretary of Revenue. However, when on appeal we have the question of economic hardship because petitioner here earns his livelihood by operating a motor vehicle, and we have an unavoidable accident, we believe that petitioner is entitled to our weighty consideration of his case, and even though we are reluctant to do so, we believe it to be our duty to sustain the appeal under the particular facts and circumstances of this case, especially since the Commonwealth has not seen fit to call any witnesses to contradict petitioner's story, nor did any police officer or other one in authority institute any prosecution for any motor vehicle violation as a result of this accident. Therefore, we are inclined to sustain this appeal and to this end we make the following

### Order

And now, to wit, August 3, 1954, the appeal of Donald L. Slobig is sustained.

The costs are to be paid by the County of Columbia.