## Lassiter License

*Bernard I. Shovlin,* for Commonwealth.

*David Cohen,* for appellant.

CHUDOFF, J., March 9, 1959.—As required by the decisions of the Supreme Court (Commonwealth v. Strobel, 378 Pa. 84) we make the following findings of fact from the hearing de novo and argument in this

appeal from the suspension of appellant's operating privileges by the Secretary of Revenue.

### Findings of Fact

1. Appellant is Elton Lassiter, residing in Philadelphia County.

2. Appellant is presently married and has five children, and is the sole means of support of his family.

3. Appellant is employed as a truck driver by the Red Star Furniture Company, Inc., which represents his only means of income for himself and his family.

4. In order to perform his duties as a truck driver, appellant is required to have an operator's license.

5. Appellant has been driving for five years and drives between 50,000 and 75,000 miles per year.

6. On May 26, 1958, an information was filed with the justice of the peace in and for Delaware County by officer Louis J. Zupo, Upper Providence Police Department, against appellant under section 1008(c) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §543, for improper passing at an intersection.

7. As a result of the information filed, a copy of said information, together with a notice to appear, was mailed to appellant by certified mail on May 28, 1958, and was received by him on May 31, 1958, giving appellant notice to appear before the justice of the peace within 10 days from the date of the written notice for the purpose of a hearing.

8. Appellant did not appear as requested *but no warrant was issued subsequently by the justice of the peace* to have appellant brought before him.

9. On August 8, 1958, Charles L. Harrington, Jr., justice of the peace, sent a report on form OR369 to the Bureau of Highway Safety, Department of Revenue, requesting the suspension of appellant's operator's license for failure to appear for a hearing before the justice of the peace.

10. Appellant was notified to appear at a hearing before a representative of the Department of Revenue, on October 13, 1958, and did so appear.

11. On October 19, 1958, a check from the Red Star Furniture Company was received by Charles L. Harrington, Jr., justice of the peace, in the amount of $15 covering the fine and costs imposed upon appellant. Subsequently thereto, form OR330, report of disposition of The Vehicle Code violation charge, was sent to the Secretary of Revenue. This form was received by the Secretary of Revenue on November 24, 1958.

12. In November 1958, appellant was notified that his operator's license had been suspended for a period of 15 days from December 3, 1958, and ordered to return his operator's card to the Bureau of Highway Safety.

13. At the time of the violation appellant was operating a truck owned by his employer, and was engaged in pursuance of his employer's business.

14. On or about May 31, 1958, appellant turned over the summons and notice to appear which he received from the justice of the peace to a Mr. Rubin, appellant's immediate superior with the Red Star Furniture Company, with an understanding that the fine would be paid by the said Red Star Furniture Company in due course.

15. The procedure of the Red Star Furniture Company in the event its drivers receive summons for traffic violations, is that they be given to Harry Kleger, credit manager, who makes payment of all fines imposed if the employer feels that the circumstances warrant such payment.

16. Appellant was informed by Mr. Kleger that the summons would be paid promptly and in reliance upon the statement of Mr. Kleger, appellant believed that the fine would be paid in accordance with law.

17. Through a lack of diligence in the office of the Red Star Furniture Company, the check was never forwarded to Charles L. Harrington, Jr., justice of the peace, until October 18, 1958, two months after form OR369, report of disposition of The Vehicle Code violation charge, had been forwarded to the Secretary of Revenue and received by him on August 12, 1958.

18. Appellant has been employed by the Red Star Furniture Company for eight years.

### Discussion

Section 616 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §193, contemplates that the hearing on an appeal to a court of common pleas from an order of the Secretary of Revenue suspending an operator's license shall be de novo: Commonwealth v. Strobel, 375 Pa. 292, 100 A. 2d 43; Bureau of Highway Safety v. Wright, 355 Pa. 307, 309, 49 A. 2d 783; Commonwealth v. Herzog, 359 Pa. 641, 642, 60 A. 2d 37.

In Commonwealth v. Cole, 350 Pa. 369, 371, 372, 39 A. 2d 361, Mr. Justice Patterson said in this connection: "All of these cases [cited] hold that an appeal to the court is not for the purpose of reviewing the evidence taken before the Secretary, and his action thereon, but to hear evidence and determine, *in the exercise of the court's sound discretion and in the furtherance of justice* whether the license should be suspended." (Italics supplied.)

This court is well aware of the important and heavy responsibilities imposed by the legislature upon the Secretary of Revenue in enforcing The Vehicle Code, which was enacted for the benefit, care and protection of *all* the people. However the court must also be vigilant to see that a qualified person not be deprived of his operator's license by the arbitrary action of the officers entrusted with the administration of the code.

In accordance with the evidence and circumstances presented, the court, in exercising its sound discretion, is of the opinion that the suspension should be set aside and appellant's operator's license be restored.

Initially, it is to be noted that the suspension of the appellant's operator's license was not for his violating section 1008(*c*) of The Vehicle Code, 75 PS §543, dealing with improper passing at an intersection, but rather for the alleged violation of section 615(*b*)6, of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §192, which provides as follows:

"(b) The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: . . .

"6. That such person has failed to pay a fine, properly imposed by any court of this Commonwealth or of any state, or has failed to appear for a hearing before a court of competent jurisdiction of this Commonwealth or of any state, upon being notified as provided by law; . . ."

It is the Commonwealth's contention that since appellant was given notice of a hearing to be held within 10 days of receipt of such notice, having failed to pay the fine and/or failed to attend the hearing, the suspension should be upheld. The court cannot agree.

First, an examination of the testimony shows that for some unknown reason the justice of the peace *failed to issue a warrant* for appellant as required by section 1202 of The Vehicle Code of 1929, as amended by the Act of June 29, 1937, P. L. 2329, 75 PS §732(*a*).

Section 1202, paragraphs 1 and 2, provides as follows:

"1. If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant *shall* then issue

and may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed.

"If the person charged cannot be served within such county, then the magistrate shall deputize a peace officer, having authority to serve warrants in the county wherein the person charged resides, or may be found, to serve such warrant.

"2. The peace officer serving such warrant *shall* take the defendant before a magistrate, within the city, borough, incorporated town, or township in which the defendant is found, or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then the defendant shall be taken before a magistrate in any adjoining city, borough, incorporated town, or township, who shall take bail, either for the defendant's appearance before the magistrate who issued the warrant, or for his appearance for trial in the proper court, if a summary hearing is waived."

This procedure, not having been followed and the record failing to show the doing of an act necessary to the jurisdiction of the justice, the record is deficient and cannot be sustained. While the proceedings prior to the issuing of the warrant are different as applicable to residents and nonresidents, yet when the warrant is issued against either, then it must be served as directed in that act to give the justice of the peace jurisdiction: Commonwealth v. Bader, 31 D. & C. 693.

More important, however, is the reason for appellant's failure to pay the fine and/or attend the hearing before the justice. It was testified without contradiction that appellant gave the summons which he received to his employer's credit manager. The credit manager testified further that the firm desired and intended to pay the fine for appellant but that because

of the lack of diligence and negligence on its part, the fine was never paid until October 18, 1958.

In Commonwealth v. Emerick, 373 Pa. 388, the court said at page 397:

"Where the testimony of the Commonwealth is disputed and there is credible conflicting testimony, the hearing judge must make findings of fact, and exercise his discretion concerning suspensions. If the testimony supports such findings, his discretion will not be disturbed. And if the testimony so taken de novo is undisputed, but there are submitted to him extenuating facts and circumstances, such as, inter alia, *inadvertence, emergency, unintentional or accidental violations, including, among other reasons, economic hardship, if adequately supported by the testimony, the exercise of the hearing judge's discretion will not be disturbed.*" (Italics supplied.)

The record is undisputed that after the summons was forwarded to appellant on May 28, 1958, he failed to appear. Even though The Vehicle Code provides for a compulsory issuance of a warrant, no warrant was ever issued, nor was anything further done in the case until August 8, 1958, when the justice of the peace forwarded Form No. OR369 to the Bureau of Highway Safety, Department of Revenue, requesting the suspension of appellant's operator's license for failure to appear for a hearing before the justice of the peace. As a result of this, appellant was notified by the Secretary of Revenue to appear before a department representative on October 13, 1958, and did so appear. It was not until then that he learned that his employer did not pay the fine. He promptly notified his employer and the employer immediately forwarded a check for the fine and costs to the justice of the peace who accepted same and forwarded the statutory fine to the Department of Revenue.

After the fine and costs were received and accepted, then appellant's license was suspended on December 3, 1958, fully one month and 16 days after the fine had been forwarded.

Applying the well settled principle as stated in Commonwealth v. Emerick, supra, to the case at bar, it is clear that the proximate cause of appellant's suspension was not attributable to something which he committed or omitted. On the contrary, his operator's license was suspended because of an inadvertent and unintentional failure to act on the part of appellant's employer. To uphold the suspension under circumstances here presented would be tantamount to imposing a penalty on appellant for a violation of The Vehicle Code after said violation had been cured by the payment and acceptance of the fine by the Secretary of Revenue.

*Order*

And now, March 9, 1959, for the reasons stated in the foregoing opinion, the within appeal is hereby sustained and the order of the Secretary of Revenue suspending appellant's license for a period of 15 days is vacated and the operating privileges of appellant restored and reinstated.