## Floyd License

*Francis H. Lord*, for Commonwealth.

*George J. McConchie*, for appellant.

CURRAN, J., November 9, 1960.—This is an appeal from the suspension by the Secretary of Revenue of the operator's license of appellant, John S. Floyd, Jr., for a period of 15 days. From the evidence presented, we find the following:

*Findings of Fact*

1. John S. Floyd, Jr., is duly licensed to operate a motor vehicle in the Commonwealth.

2. On May 17, 1960, appellant's motor vehicle opera-

ting privileges were suspended by the Secretary of Revenue of this Commonwealth.

3. Said action of the Secretary of Revenue was based on the fact that it had received notice that appellant had been convicted in New Jersey of the charge of passing a school bus while loading and unloading school children.

## Discussion

This matter comes before the court de novo: Commonwealth v. Strobel, 375 Pa. 292. Neither the action of the Secretary nor the testimony taken before him or his representative is properly a part of the record of the case: Commonwealth v. Emerick, 373 Pa. 388.

Appellant has admitted in his testimony that he paid a fine for the violation in New Jersey. This constitutes an admission of conviction of the charge of passing a school bus while loading and unloading school children. See Commonwealth v. Halteman, 192 Pa. Superior Ct. 379. However, from the evidence presented, we are convinced that the suspension should be set aside.

It appears that on October 28, 1959, appellant was travelling in a westerly direction on the White Horse Pike in Galloway Township, N. J. This is a six-lane highway but with only four lanes being used for moving traffic. Appellant approached an intersection and stopped for a red light. Appellant was in the right-hand lane, second in line. Two other vehicles were in the lane next to appellant, also travelling west on the White Horse Pike. When the light changed to green, appellant proceeded forward with the cars in front of him and alongside of him. A short distance later, appellant and the drivers of the two vehicles in front of him were stopped by a State policeman and charged with passing a school bus which was stopped on the southwest corner of the intersection in question. Since

appellant's view to the left was obscured by the two vehicles stopped in the lane next to him, we believe appellant was testifying truthfully when he said he never saw a stopped school bus and could not tell whether or not one was stopped on the other side of the intersection.

Appellant is 55 years of age and has had a driver's license for the last 39 years. He is employed as an inspector and safety engineer for an insurance company and, as such, his operator's license is an absolute necessity in his employment. His only other motor vehicle violation was for making a left-hand turn on a green light instead of waiting for a green arrow. This violation occurred just after the operation of the traffic lights at that particular intersection had been changed and appellant was confused, since previously it was lawful to make a left-hand turn on the green light.

Accordingly, we are of the opinion that the suspension of his operating privileges should be set aside.

### Conclusions of Law

1. The evidence presented does not warrant a suspension of appellant's motor vehicle operating privileges.

### Decree Nisi

And now, to wit, November 9, 1960, it is ordered and decreed that the order of the Secretary of Revenue of the Commonwealth, suspending the motor vehicle operator's license of John S. Floyd, Jr., for a period of 15 days, is reversed and the appeal is sustained.

The prothonotary is directed to give notice immediately to the parties or their attorneys of record of the filing of the above decree nisi, and, if no exceptions be filed thereto within 20 days after the service of such notice, to enter upon praecipe the said decree nisi as a final decree.