In Re: Appeal of John Robert Horvath.

Argued March 8, 1971, before Judges KRAMER, WIL-
KINSON, JR., and ROGERS, sitting as a panel of three.

*Joseph P. Brennan*, with him *Eugene F. Smith*, for
appellant.

*Anthony J. Maiorana*, Assistant Attorney General,
with him *Robert W. Cunliffe*, Deputy Attorney Gen-
eral, and *Fred Speaker*, Attorney General, for appel-
lee.

PER CURIAM OPINION, March 9, 1971:
This case involves an appeal from an Order of the
Court of Common Pleas of Lackawanna County dated
July 22, 1970. This order affirmed the action of the
Secretary of Revenue (now Secretary of Transporta-
tion) suspending the operator's license of John Robert
Horvath (appellant).

The Attorney General, in the name of the Common-
wealth (appellee) filed a Motion to Quash on the

grounds that the appeal was not perfected until October 13, 1970, a date which was beyond the 30 day appeal period as set down in the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. (Act No. 223), 17 P.S. 211.101-211.501. In fact appellant filed his appeal on October 6, 1970, within 30 days of the effective date of the Appellate Court Jurisdiction Act and within 90 days from the issuance of the order, as granted by the earlier statute (12 P.S. 1136).

The Motion to Quash therefore will be denied.

Turning now to the merits, under The Vehicle Code (Act of August 6, 1963, P. L. 509, as amended), 75 P.S. 620, the Courts of Common Pleas, in appeals arising from suspensions of operator's licenses are directed to hear such cases *de novo*. The Common Pleas Judge has the duty to make findings of fact sufficient to support the Order of Court. *Commonwealth of Pennsylvania v. Jerry M. Royer,* 213 Pa. Super. 17, 245 A. 2d 716 (1968), *Handwerk Appeal,* 348 Pa. 263, 35 A. 2d 289 (1944), *Commonwealth v. Wagner,* 364 Pa. 566, 73 A. 2d 676 (1950).

In the instant case the Judge failed to make findings of fact, and it is therefore not possible for an appellate court to review the Court's order. When the proper procedure is not followed, the matter should be remanded so that the court below may discharge its responsibility. *Commonwealth v. Strobel,* 375 Pa. 292, 100 A. 2d 43 (1953), *Commonwealth v. Strobel,* 378 Pa. 84, 105 A. 2d 152 (1954).

Therefore, in keeping with this opinion we issue the following

## ORDER

AND Now, March 9, 1971, the Motion to Quash is denied and this case is remanded to the Court of Common Pleas of Lackawanna County for disposition in accordance with the above opinion.