## Department of Transportation *v.* Williams.

Argued November 10, 1971, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*David A. Johnston, Jr.,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILKINSON, December 10, 1971:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County, dated May 11, 1971, which sustained the appeal of Samuel L. Williams from a suspension of six months imposed by the Secretary of Transportation.

The problem that confronts this Court is the failure of the lower court to conduct a proper hearing as a result of which it is impossible to decide the issue before us on appeal. More precisely, as a result of an improperly terminated hearing,[1] the Commonwealth was not allowed to present testimony or place in evidence the necessary information to show the basis for the suspension imposed by the Secretary of Transportation.

Inasmuch as this case must be remanded for a proper hearing, it is also noted that the lower court failed

---

[1] The trial judge sustained a "demurrer" which he suggested appellant's counsel make after his own off-the-record inspection of the Certificate of Criminal Conviction from the Court of Common Pleas of Westmoreland County. It is this certificate which is crucial in this appeal, but was never made part of the record because of the improper action of the lower court.

to make the requisite findings of fact which this Court has prescribed for appeals of this nature. *In Re: Appeal of John Robert Horvath,* 1 Pa. Commonwealth Ct. 353, 274 A. 2d 776 (1971) ; *Commonwealth of Pennsylvania v. Robert Frank Milspaw,* 1 Pa. Commonwealth Ct. 376, 274 A. 2d 777 (1971) ; *Commonwealth v. Silverman,* 2 Pa. Commonwealth Ct. 538, 279 A. 2d 83 (1971).

Therefore, in keeping with this opinion, we issue the following

### Order

Now, December 10, 1971, this case is remanded to the Court of Common Pleas of Allegheny County for disposition not inconsistent with the above opinion.