Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Robert W. Keech, Appellee.

Argued February 8, 1974, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*John R. Fernan,* with him *Cartwright & Fernan,* for appellee.

OPINION BY JUDGE BLATT, April 2, 1974:

Robert W. Keech was convicted of violating Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §1002(b)(8), in traveling at a speed of 87 miles per hour in a 65 miles per hour zone. As a result, Keech's operating privileges were suspended by the Secretary of Transportation for a period of three months, pursuant to Section 618(b)(2) of The Vehicle Code, 75 P.S. §618(b)(2). Keech appealed this suspension to the Court of Common Pleas of the 59th Judicial District, Elk County Branch, which heard the

matter de novo and voided the suspension. The Commonwealth has appealed to this Court.

At the hearing below; the Commonwealth presented the testimony of the two State Troopers who had apprehended Keech. Essentially they testified that they had clocked Keech by radar while he was going 87 miles per hour and had attempted to flag him down. When he failed to stop they gave chase in their own vehicles, finally stopping him about three miles further down the road. The Troopers further testified that, when Keech's vehicle entered the radar beam, it was the only vehicle within the scope of the beam. The Commonwealth also introduced various documentary evidence, including two exhibits, a certificate of the radar speedometer accuracy and a certificate showing that the testing station which had tested the radar set was an official radar speedometer testing station. The admission of these exhibits was objected to by Keech's attorney, and rulings on their admissibility were reserved by the trial judge.

Keech testified on his own behalf, and an individual who had been his passenger when the incident in question occurred also testified for him. Their testimony was not materially contradictory to that of the Troopers except that Keech stated he was passing a tractor-trailer when he went past the police cars and that there had been no attempt to flag him down. He at no time denied that he had been traveling at the rate of 87 miles per hour, although he stated that he had been "traveling with the traffic" and so did not think he had been speeding.

In its opinion and order the lower court failed to rule on the admissibility of the evidence on which it had reserved judgment, but held that the Commonwealth's case "was so saturated with improbabilities subject to such substantial contradiction by competent witnesses on behalf of the defendant that the court

could only conclude that the Commonwealth had not met its burden of proof by a preponderance of the evidence."

It is clear, of course, that the burden of proof to be met by the Commonwealth in the court below is proof by a preponderance of the evidence. *Commonwealth v. Suor,* 9 Pa. Commonwealth Ct. 503, 308 A. 2d 646 (1973). It is also clear that, on appeal, our scope of review is to determine whether or not the findings of fact are supported by competent evidence and to correct conclusions of law erroneously made. *Commonwealth v. Huff,* 10 Pa. Commonwealth Ct. 261, 310 A. 2d 435 (1973). In order for this Court properly to review a license suspension case heard de novo, however, it is necessary that the court below have made specific findings of fact from the evidence adduced at the hearing. And, when the proper procedure is not followed, the matter should be remanded so that the court below may discharge its responsibility. *Commonwealth v. Critchfield,* 9 Pa. Commonwealth Ct. 349, 305 A. 2d 748 (1973) ; *In Re: Appeal of John Robert Horvath,* 1 Pa. Commonwealth Ct. 353, 274 A. 2d 776 (1971).

Here the lower court failed to make specific findings of fact and stated merely that its ruling was based on "improbabilities" in the testimony of the State Troopers. These "improbabilities," however, are not readily apparent on the face of the record, and it is necessary, therefore, that the lower court be more specific. Additionally, there has yet to be a ruling on the admissibility of certain documentary evidence presented by the Commonwealth, evidence which is crucial to the material issue of this case: i.e., as to whether or not Keech was traveling at the rate of 87 miles per hour. The lower court must rule on these questions.

We, therefore, remand the record to the court below for the purpose of ruling on the legal questions on which it had reserved decision and for the further purpose of entering specific findings of fact.