## Commonwealth v. Campbell

*Maurice Levin*, for Commonwealth.
*William L. McLaughlin*, for appellant.

SUGERMAN, *J.*, April 22, 1975—Petitioner, John Robert Campbell, has appealed an order of the Secretary of Transportation, as promulgated by the Director of the Bureau of Traffic Safety, suspending for a period of two months his privilege to operate a motor vehicle pursuant to the authority conferred by section 618(b)(2) of The Vehicle Code,[1] based upon petitioner's summary conviction for af-

---

1. Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §618 (b)(2).

fixing a certificate of inspection to a motor vehicle in violation of section 819(f) of The Vehicle Code, 75 P.S. §819(f).

After hearing de novo, and in accordance with the mandates of Commonwealth v. Keech, 12 Pa. Commonwealth Ct. 584, 317 A. 2d 322 (1974), and Commonwealth v. McCartney, 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971), the court makes the following

## FINDINGS OF FACT

1. On or about September 28, 1972, one Russell Merrigan, an employe of Paoli Mobil, an official inspection station, gave to petitioner certificate of inspection and approval no. 3132714, bearing the designation "2," being the then current inspection cycle in the Commonwealth.

2. On or about the same date, petitioner, without authority, removed an older certificate of inspection from a Ford automobile bearing Pennsylvania Registration No. 649812 and then owned by petitioner's father, Robert E. Campbell, and affixed thereto the said certificate of inspection and approval obtained from Russell Merrigan.

3. At the time petitioner affixed the said certificate of inspection to his father's automobile, he knew that no inspection had been performed upon the vehicle during inspection cycle number 2, or its mechanism or equipment, by the said Russell Merrigan, or by any official inspection station or inspection mechanic in the Commonwealth so as to warrant the issuance of a certificate of inspection and approval.

4. At the time petitioner received the certificate of inspection from the said Russell Merrigan, he was not aware that the same had been stolen or

otherwise illegally removed from Paoli Mobil, but believed Merrigan had made a gift thereof to petitioner.

5. On or about October 27, 1972, petitioner was convicted of violating section 819(f) of The Vehicle Code, based apparently upon the conduct set forth above, and on the same date, paid a fine in the sum of $75 and costs in the sum of $5 as the result of such conviction.

6. On or about May 14, 1974, petitioner was notified by the Director of the Bureau of Traffic Safety of the Department of Transportation that he was to be afforded a departmental hearing on June 18, 1974, as a result of such conviction, and, thereafter, on November 4, 1974, petitioner's privilege to operate a motor vehicle was suspended for a period of two months by reason of such conviction, but the same was restored by supersedeas pending disposition of the within appeal.

7. Petitioner will suffer no financial loss or hardship in the event his operating privilege is suspended for a period of two months.

## DISCUSSION

The essential facts at bar are not in dispute. Petitioner candidly admits receiving a current certificate of inspection from an employe of an official inspection station and thereafter affixing it to his father's automobile. Petitioner also admits removing the certificate of inspection then affixed to the vehicle before applying the certificate in issue, and further admits knowing that at the time he placed the new certificate of inspection on the vehicle, it had not been inspected by any official inspection station or inspection mechanic.

Section 819(f) of The Vehicle Code, 75 P.S. §819(f), provides, in pertinent part:

"(f) It shall be unlawful for any person to furnish, give or sell to any owner or operator of a motor vehicle . . . or to any other person, or to place in or on any such vehicle a certificate of inspection and approval, unless an official inspection of its mechanism and equipment shall have been made, and the vehicle conforms with the provisions of this act . . ."

It is at once apparent that the conduct of petitioner falls squarely within the proscription of section 819(f), and subjects him to the suspension imposed by the secretary under the authority of section 618(b)(2). Nevertheless, petitioner argues that he was unaware that the certificate of inspection was illegally or unlawfully removed from an official inspection station, and merely accepted it as a "gift" from a friend.

While such may well be the case, petitioner is not charged with possession of the certificate of inspection "with knowledge that such Certificate has been illegally purchased, stolen or counterfeited," conduct proscribed by the last sentence of section 819(f). All that is required to sustain a conviction for violating the first sentence of section 819(f) is that petitioner place a certificate of inspection upon a vehicle that has not been officially inspected, or upon a vehicle that does not conform with the provisions of The Vehicle Code. Petitioner, again, tells us that is precisely what he did.

At argument, petitioner contended that inasmuch as his father intended to have the vehicle later inspected, and that the vehicle was in good condition when the offending certificate of inspec-

tion was affixed, petitioner's conduct was merely a technical violation of section 819(f).

Although the record before us fails to support these assertions, we need not reach that determination as, even if believed, such circumstances would not justify a violation of section 819(f): Campbell v. Commonwealth, Department of Transportation, 16 Pa. Commonwealth Ct. 9, 12, 329 A. 2d 867, 869 (1974). In short, it is precisely the conduct of petitioner as admitted by him that is prohibited by section 819(f).

Lastly, petitioner argues that a two-month suspension of his operating privilege will cause him to suffer financial hardship and inconvenience. There is no credible evidence on the record before us to support such assertion. Even if there were, however, petitioner cannot prevail. In Klitsch Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 53, 59, 245 A. 2d 688, 691 (1968), the Superior Court summarized the issue in language the essence of clarity:

"Stripped of the circumstances connected with [the violation of The Vehicle Code], the sole ground relied on by the court below to reverse the secretary was economic hardship. The hearing court may not reverse the secretary solely on the ground of economic hardship and where it does it constitutes an abuse of discretion. Commonwealth v. Emerick, 373 Pa. 388, 96 A. 2d 370 (1953); Commonwealth v. Roher, 373 Pa. 409, 96 A. 2d 382 (1953)."

And see Commonwealth v. McCartney, supra, at pages 544, 545, 279 A. 2d at page 79, and our discussion of the subject in Commonwealth v. Yearsley, 66 D. & C. 2d 408, 22 Chester 249 (1974).

It is our task to determine whether petitioner's license is subject to suspension. If it is, the action of the secretary must be sustained. If it is not, the court should reverse the action of the secretary and order reinstatement of the operating privilege: Commonwealth v. Garman, 361 Pa. 643, 66 A. 2d 271 (1949); Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960); Bureau of Traffic Safety v. Jula, 12 Pa. Commonwealth Ct. 140, 316 A. 2d 681 (1974); Civitello v. Bureau of Traffic Safety, 11 Pa. Commonwealth Ct. 551, 315 A. 2d 666 (1974).

It is amply clear that petitioner violated section 819(f) of The Vehicle Code. Such violation brings petitioner within the ambit of section 618(b)(2), authorizing the Secretary of Transportation to suspend petitioner's operating privileges. The secretary did suspend, in accordance with the schedule adopted by him and the length of the suspension is not challenged. See Commonwealth v. McCartney, supra, at page 549, 279 A. 2d at page 81. Petitioner's privilege to operate a motor vehicle is subject to suspension on this record and we find no error.

## ORDER

And now, April 17, 1975, the appeal of John Robert Campbell, petitioner, is dismissed; the action of the Secretary of Transportation in suspending petitioner's privilege to operate a motor vehicle for a period of two months is affirmed, and the said suspension is hereby reinstated.