## Commonwealth v. Keyes

*Maurice Levin,* Deputy Attorney General, for Commonwealth.
*Robert Solomon,* for defendant.

GARB, *J.,* October 20, 1975—Appellant herein has perfected an appeal from the suspension of his motor vehicle operator's privileges for a period of two months. The appeal was made a supersedeas and, pursuant thereto, a hearing was held before the undersigned. As a result of the aforesaid hearing, we hereby make the following

### FINDINGS OF FACT

1. Appellant is an adult individual, duly licensed to operate a motor vehicle in the Commonwealth of Pennsylvania residing at Aquetong Road, Doylestown, Bucks County, Pa.

2. On or about May 28, 1974, at approximately 3:30 p.m., officer John Kenderdine of the Solebury Township, Bucks County, Pa., Police Department did observe appellant operating a certain blue stake body truck, Pennsylvania registration No. CN 65650 on Route 263 and did stop the aforesaid vehicle at or near the intersection of Route 263 and Greenhill Road.

3. At the time the officer stopped the aforesaid motor vehicle, there was no official certificate of inspection appended to the windshield or anywhere else on the said vehicle.

4. The aforesaid officer had observed the said vehicle approximately one week prior to May 28, 1974, and at that time had observed an expired certificate of inspection appended to the windshield.

5. The officer asked appellant what had happened to the expired certificate of inspection and appellant stated that he had removed it.

6. Appellant was charged, by virtue of the issuance of a citation by the police officer, with violation of the Act of April 29, 1959, P. L. 58, sec. 835, 75 PS §835, Removal of Certificates of Inspection, to which charge appellant did enter a plea of guilty before the district justice of the peace.

7. Thereafter, the Secretary of Transportation did suspend appellant's operator's privileges for a period of two months for violation of the aforesaid Act of Assembly.

8. The period of suspension is in conformity with the schedule of periods of suspension as published in the Pennsylvania Bulletin in volume 4, No. 8, p. 323 (1974).

## DISCUSSION

The suspension order of the secretary was based upon the Act of December 17, 1969, P. L. 376, sec. 1, 75 PS §618(b)(2). The secretary retains the right to suspend motor vehicle operators' privileges under this section for offenses which are not included within the point system: Bridge Motor Vehicle Operator License Case, 216 Pa. Superior Ct. 4, 260 A.2d 473 (1969). This being a suspension not under the point system of The Vehicle Code, appellant was entitled to and received a de novo hearing and, in such a case, the question is not whether defendant was convicted, although there is evidence to show the conviction, but rather whether he was guilty of violating the section of The Vehicle Code upon which the secretary relies in ordering the suspension: Royer Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 17, 245 A.2d 713 (1968) and Civitello v. Commonwealth of Pennsylvania, 11 Pa. Commonwealth Ct. 551, 315 A.2d 666 (1974). In such a case, the burden of proof is upon the Commonwealth by a preponderance of the evidence: Commonwealth v. Keech, 12 Pa. Commonwealth Ct. 584, 317 A.2d 322 (1974).

The suspension was ordered based upon an alleged violation of section 835, 75 PS §835 of The Vehicle Code. The relevant portion of such section provides as follows:

"It shall be unlawful for any person to remove an official certificate of inspection from the vehicle for which it is issued . . ."

The police officer testified that at the time he stopped the motor vehicle operated by and registered to appellant, there was no official certificate of inspection appended thereto. He testified that he had previously seen an expired certificate upon the

same vehicle and when he inquired of appellant regarding the certificate, appellant stated that he had removed it. Appellant admits that there was no certificate of inspection upon the vehicle at the time the officer stopped it and further admits that the last certificate of inspection which he had appended to it had expired. However, it was the appellant's testimony that the windshield had been broken on May 24, 1974, and had been replaced shortly before May 28, 1974, when he was stopped by the officer and that the certificate of inspection had been removed when the broken windshield was removed.

If the facts were as appellant contends, then we would agree with appellant that this case is undistinguishable from Commonwealth v. Grimm, 33 Beaver 135 (1974), and we would reach the same conclusion as reached therein. However, the case at bar is, we believe, distinguishable from Commonwealth v. Grimm, supra, and we might note also distinguishable from Johnson License, 58 D. & C. 2d 426 (1972), by the significant factor that we do not believe and, therefore, reject the testimony of appellant that the windshield had been broken. Significantly, the police officer testified and appellant confirms that he did not tell the officer at the time the officer issued the citation for violation of section 835 that the windshield had been broken and the circumstances under which the certificate had been removed. Furthermore, although appellant testified that the windshield was broken as a result of a rock thrown by a lawnmower operated by his father, his father was not called to testify nor was the insurance agent who authorized payment called, nor was a receipted bill showing that the work had been done offered in evidence. Therefore,

based upon the facts as we have found them to be, we are satisfied that the Commonwealth has borne its burden by a preponderance of the evidence establishing that appellant has violated section 835 of The Vehicle Code and, therefore, the suspension will be affirmed.

## ORDER

And now, October 20, 1975, it is hereby ordered, directed and decreed that the order of the Secretary of Transportation suspending appellant's operator's privileges for a period of two months is hereby affirmed and the appeal denied.