Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. William Sinwell, Jr., Appellee.

Submitted on briefs May 5, 1982, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Francis P. Bach,* Assistant Counsel, with him *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Susan J. Pearlstein,* for appellee.

OPINION BY JUDGE DOYLE, September 9, 1982.

The Pennsylvania Department of Transportation's Bureau of Traffic Safety (Bureau) appeals here from an order of the Court of Common Pleas of Allegheny County which sustained an appeal from a Bureau order suspending the motor vehicle operating privileges of William James Sinwell, Jr. for a period of six months, pursuant to the provisions of Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b), because of his refusal to submit to a breathalyzer test. We reverse.

It is well settled that to establish a prima facie case in support of a Section 1547(b) suspension

the Commonwealth must prove the following: (1) that the defendant was placed under arrest upon the charge of driving while intoxicated, and the arresting officer had reasonable grounds to believe the defendant was driving while intoxicated; (2) that he was requested to submit to a breathalyzer test; and (3) he refused to do so.

*Herring v. Commonwealth*, 50 Pa. Commonwealth Ct. 608, 611-12, 413 A.2d 1171, 1173-74 (1980); *Department of Transportation, Bureau of Traffic Safety v. Hanes*, 49 Pa. Commonwealth Ct. 407, 411 A.2d 571 (1980). Where the issue is raised, the Commonwealth must also establish that it fulfilled its duty under Section 1547(b)(2) of the Code, 75 Pa. C. S. §1547(b)(2), of warning a driver "that [his or her] operating privileges will be suspended or revoked upon refusal to submit to a chemical test."

Here, the record shows that at the suspension hearing before the court of common pleas the Bureau submitted evidence, in the form of a signed affidavit and the testimony of the arresting police officer, which indicated (1) that Mr. Sinwell had been arrested on March 8, 1979, for driving under the influence of alcohol after his car had been observed weaving back and forth across the road, (2) that Mr. Sinwell had been asked to submit to a breathalyzer test following his arrest, (3) that he was warned that a failure to submit to the test would result in a suspension or revocation of his license, and (4) that he had nonetheless refused to take the test. Upon the completion of the Bureau's case, however, and before Mr. Sinwell could present his case, the court directed several of its own questions to the arresting officer, including the question of whether the arresting officer had informed Mr. Sinwell of the exact length of time his license would be suspended if he refused

to take the test. When the officer responded that he had not informed Mr. Sinwell of the exact length of time, but had only informed him that his license would in fact, be suspended or revoked if he refused to take the test, the court informed Mr. Sinwell that it would rule in his favor and adjourned the hearing. Thereafter, the court filed an opinion and order sustaining Mr. Sinwell's appeal on the ground that the Commonwealth had failed to inform Mr. Sinwell of the exact length of the suspension which would result from his failure to take the test, a warning which the court concluded was mandated by Section 1547(b)(2) of the Code.

Here, the only issue we need address is whether or not the court of common pleas erred as a matter of law by concluding that Section 1547 of the Code requires a police officer to warn a driver of the exact length of time of his suspension if he fails to submit to a breathalyzer test.

We note that nowhere in Section 1547, or the Code, is there any explicit requirement mandating a warning to a motorist of the exact length of his suspension if he fails to submit to a breathalyzer test. Instead, Section 1547(b)(2) simply provides that a motorist is to be warned that his or her ''operating privilege will be suspended or revoked upon refusal to submit to a chemical test.''

The court of common pleas, however, apparently felt constrained to read a more restrictive requirement into this clear and unambiguous language because it believed that due process requires such a warning. We have held, however, that there is no constitutional requirement to provide *any* warning to a motorist of the consequences of his failure to submit to a breathalyzer test, *see Boyle v. Department of Transportation, Bureau of Traffic Safety,* 19 Pa. Commonwealth Ct. 22, 339 A.2d 834 (1975); *Common-*

*wealth v. Abraham,* 7 Pa. Commonwealth Ct. 535, 300 A.2d 831 (1973), and hence, any duty to warn is entirely statutory. *See Peppelman v. Commonwealth,* 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979). Since this statutory language, in our view, clearly and unambiguously only requires the Commonwealth to inform motorists that their licenses will be suspended or revoked for failure to submit to a breathalyzer test, we believe the court of common pleas erred as a matter of law by holding otherwise. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b). We may not simply reverse, however, but must remand, since the court, by prematurely adjourning the proceedings below, did not afford Mr. Sinwell an opportunity to present his case. *Department of Transportation v. Williams,* 3 Pa. Commonwealth Ct. 530, 284 A.2d 521 (1971).

Accordingly, we will enter the following

ORDER

Now, September 9, 1982, the order of the Court of Common Pleas of Allegheny County dated June 16, 1980, and docketed at No. SA 388 of 1979, is reversed, and the record in this case is hereby remanded for further proceedings consistent with the above opinion.