## Commonwealth v. Peck

*Harold H. Cramer,* for the Commonwealth.
*Daniel Joseph,* for defendant.

MIHALICH, *J.,* June 18, 1984—The above-captioned case comes before this court on an operator's privilege suspension appeal. The appeal was filed by David Alan Peck (hereinafter referred to as appellant). The suspension of one year was imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety (here-

inafter referred to as Commonwealth). The official notice of suspension is dated February 17, 1984 and states that the suspension is a result of a violation of section 1547 of the Vehicle Code on December 26, 1983. In addition to Commonwealth's Exhibit no. 1, the Commonwealth's case consisted of testimony from Officer Daniel Antonacci, the arresting officer, and Officer William Weber. Officer William Weber was with Officer Antonacci at the time of the arrest.

After stopping appellant, the arresting officer noticed a 16-ounce Budweiser in the possession of appellant. Appellant appeared confused in trying to find his owner's card and driver's license. He also used the automobile to steady himself while standing. After the arrest, appellant was taken to police headquarters for a breathalyzer test. At the de novo hearing before this court on June 1, 1984, the arresting officer testified that he advised appellant he had a right to refuse to take the test; however, a refusal would result in a one-year suspension. At the same hearing this testimony was corroberated by Officer Weber. The arresting officer also testified before District Justice Buddy Cipolla on January 31, 1984. The testimony presented before the district justice occurred approximately one month after the incident in question and substantially differed from the testimony presented to this court. The arresting officer's testimony presented before the district justice is as follows:

"A. I explained to him that his license would be automatically suspended for six months, and he would also be charged with 3731 of the Motor Vehicle Code." (Page 7, transcript.)

"Q. How long did you tell him his license would be suspended for?

"A. Six months.

"Q. You are certain of that?

"A. No. What did you say? I thought you said, are you a sergeant out there?

"Q. No. I said, are you certain of that?

"A. Yes, sir.

"Q. I just promoted you.

"A. No problem.

"Q. So, you are certain you told him that his license would be suspended for six months; that's the time period you indicated?

"A. Yes.

"Q. Six months?

"A. Right," (Page 8, transcript.)

"Q. And you told. him if he didn't take it, he would lose his license for six months?

A. That's what I told him." (Page 20, transcript.)

Based upon the evidence presented to this court and especially the testimony quoted above, which occurred approximately one month after the incident in question, this court finds that appellant was advised that his license would be suspended for six months. The statutory period for a refusal is one year rather than six months.

This court is aware of the Commonwealth Court's decision in the case of Com., Dept. of Trans. v. Sinwell, 68 Pa. Commw. 605, 450 A.2d 235, 236-237 (1982), which states the following:

"We note that nowhere in section 1547, or the code, is there any explicit requirement mandating a warning to a motorist of the exact length of his suspension if he fails to submit to a breathalyzer test. Instead, section 1547 (b)(2) simply provides that a motorist is to be warned that his or her 'operating privileges will be suspended or revoked upon refusal to submit to a chemical test.'

The court of common pleas, however, apparently felt constrained to read a more restrictive require-

ment into this clear and unambiguous language because it believed that due process requires such a warning. We have held, however, that there is no constitutional requirement to provide *any* warning to a motorist of the consequences of his failure to submit to a breathalyzer test (citations omitted), and hence, any duty to warn is entirely statutory." (Emphasis in original.)

· The legal precedent, as quoted above, establishes that the warning to a motorist relative to a refusal need not include the exact length of his suspension. The issue presented in the case at bar is considerably different. Here, there was an actual misrepresentation of the period of suspension. The obvious purpose of the warning is to present information to the driver so that the driver may make an intelligent decision about taking or refusing to take the breath test. Because of the erroneous information, appellant did not make an intelligent decision. Consequently, the basis of the subject suspension lacks the necessary legal foundation. The misrepresentation vitiates the legally required warning. For these reasons, the appeal is sustained and the suspension imposed by the Commonwealth is reversed. The court issues the order dated and filed of even date herewith.

## ORDER

And now, this June 18, 1984, in accordance with the opinion dated and filed of even date herewith, it is hereby ordered, adjudged and decreed that the appeal filed by David Alan Peck is sustained and the suspension imposed by the Commonwealth is reversed.