## Miles v. Pa. Department of Transportation

. *Harold H. Cramer, Matthew Wolfe, assistant attorneys general,* for the Commonwealth.
*Joel Robbins,* for defendant.

LABRUM, *J.,* October 15, 1984—Appellant Cheryl Ann Miles (Miles) filed an appeal to the common pleas court from an order of the Commonwealth of Pennsylvania, Department of Transportation suspending her driving privileges for one year under 75 P.S. §1547. A hearing was held on the appeal on April 2, 1984 and by order of this court dated April 3, 1984, the appeal was sustained and the suspension reversed. The Commonwealth has appealed to the Commonwealth Court.

At the hearing before the court, Officer Lauren Smiley of the Media Borough Police Department testified that she received a telephone call on December 28, 1983 at approximately 7:00 p.m. to respond to a motor vehicle accident at the intersection of State and Orange Streets in the Borough of Media. Upon arriving at the scene, Officer Smiley spoke to appellant, Cheryl Ann Miles, who was sitting in the passenger seat of one of the vehicles involved in the accident. The officer testified that she observed Miles, that Miles had bloodshot eyes,

slurred speech and exhibited trouble in standing. The officer testified that she noted the smell of alcohol on appellant. Miles had been injured in the accident and she was transported by ambulance to Riddle Memorial Hospital.

Officer Smiley proceeded to the hospital, placed appellant under arrest, read her the Miranda warnings and requested Miles to submit to a blood-alcohol test. Miles refused to take the test on the grounds that it would hurt. Officer Smiley testified that she told Miles that her driving privileges would be suspended if she refused to submit to the requested test.

Norman L. Goldberg, Esq., appellant's former counsel, was called to testify regarding an inconsistency in the officer's testimony. Mr. Goldberg testified that, according to his clear recollection, at a preliminary hearing held on this matter on January 23, 1984 before a district justice, Officer Smiley testified under oath that she advised Miles "that she could or would lose her license."

75 Pa.C.S. §1547(b) provides:

"(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

"(2) It shall be the duty of the police officer to inform the person that the person's operating privilege would be suspended upon refusal to submit to chemical testing."

The statutory language requires the Commonwealth to inform the motorist that her license will be suspended or revoked for failure to submit to blood

or chemical testing. Com., Dept. of Transp. Bureau of Traffic Safety v. Sinwell, 68 Pa. Commw. 605, 450 A.2d 235 (1982).

Where the officer uses language of "could" or "would" regarding suspension of driving privileges, such warning is insufficient to sustain a suspension of driving privileges. Spirer v. Com., 52 Pa. Commw. 381, 416 A.2d 587 (1980). In the present case the officer's equivocal use of the terms "could" and "would" resulted in an insufficient warning to appellant as to the consequences of her refusal to submit to the required testing and therefore such warning was insufficient to sustain the suspension of her driving privileges.