Robert A. Forte, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles, Appellee.

Submitted on briefs December 9, 1985, to Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Steven R. Geroff,* for appellant.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE DOYLE, January 15, 1986:

This is an appeal by Robert A. Forte (Licensee) from an order of the Court of Common Pleas of Philadelphia County sustaining the action of the Pennsylvania Department of Transportation (DOT) which revoked Licensee's operating privileges for one year for refusal to submit to a breathalyzer test pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.

The trial court found that Licensee had been involved in a single car accident. When the arresting officer arrived on the scene he noticed that Licensee had a strong odor of alcoholic beverages on his breath, that he had a difficult time standing up, that he had to hold onto his vehicle, and that he could not perform a balance test. The trial court further found that Licensee, after being warned that failure to submit to a breathalyzer test would result in the loss of his operating privileges, agreed to take the test. But when the breathalyzer machine was ready Licensee refused

to blow into it despite being warned again of the consequences of not doing so.

Licensee's sole argument on appeal is that although he was warned of the consequences of his refusal, an additional statement made by the police officer administering the test negated the warning.[1] Specifically, Licensee maintains that because the officer told him that the result of not taking the test was the same as flunking it, the warning given to him was voided and his suspension should therefore be rescinded. There is no dispute that this statement was made. The trial court, however, noting that Licensee *was* warned, viewed the remark as an extraneous one.

In *Peppelman v. Commonwealth,* 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979) we held that where an officer warned a licensee that failure to submit to a breathalyzer test *could* (rather than would) result in suspension of driving privileges the warning was inadequate. We noted in *Peppelman* a legislative intent that a licensee be warned of the consequences of refusing a breathalyzer test. In the instant case the trial court found that Licensee *was* warned. Licensee himself admits receiving the warning. He argues, however, that ''[o]nce a driver has been advised by the breathalyzer examiner that his refusal to take the test is the same as flunking it, the driver may very well conclude that there is no point in taking the test, because *if* he flunks it he will lose his license for one

---

[1] DOT contends that because Licensee argued below that he *did* submit to the examination, he can not now argue that an inadequate warning excused his *refusal.* We note that the trial court resolved the issue of whether Licensee took the test against Licensee. We further note, however, that the alleged inaccurate warning was of record below. Thus, Licensee is really arguing an alternative theory on appeal. We believe, therefore, that the matter of the improper warning was sufficiently raised below and has been preserved for appellate review.

year anyway.'' Licensee's brief at 6-7 (emphasis added). While we concede that the very last part of this statement may be logically accurate we do not believe that it is reasonable behavior for a person to elect the certainty of suspension by refusing to take the test when by submitting to the examination the driver has at least an opportunity to save his license from suspension. Moreover, the reasonableness of Licensee's behavior is not the issue, but by beginning from that false premise Licensee is led to the erroneous conclusion, a non sequitar, that the impact of the warning has been negated.

We did say in *Peppelman* that the law imposes a duty on the officer to *accurately* warn a licensee of the consequences of a refusal to submit to the examination. But we agree with the trial court that the unfortunate remark made by the officer in the instant case was not part of the warning, but rather an extraneous comment. Therefore, we hold that the warning itself *was* accurate. Additionally, we note by way of comparison that in *Smolick v. Commonwealth,* 60 Pa. Commonwealth Ct. 180, 430 A.2d 1230 (1981) we held that a licensee who was told that he ''could or would'' lose his license for refusing to take the test had been sufficiently warned. We believe that the warning here, even considering the additional remarks, was far more precise than that in *Smolick* and so we affirm the trial court.

ORDER

Now, January 15, 1986, the order of the Court of Common Pleas of Philadelphia County dated March 23, 1984, June Term, No. 339 is hereby affirmed.