514 A.2d 306

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Frank Kardel, Jr., Appellee.

Submitted on briefs June 6, 1985, to Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

*Charles P. Gelso,* with him, *Joseph L. Vullo,* for appellee.

OPINION BY JUDGE PALLADINO, August 29, 1986:

This is an appeal by the Pennsylvania Department of Transportation (DOT) from an order of the Court of Common Pleas of Luzerne County sustaining the appeal of Frank J. Kardel, Jr., (Licensee) from DOT, which revoked Licensee's operating privileges for one year for refusal to submit to a breathalyzer test pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.

On March 11, 1984, Appellee was arrested for driving while under the influence of alcohol. Appellee was asked to submit to a breathalyzer test and after first consenting, refused. His license was then suspended by DOT for one year. Appellee appealed this suspension to the Luzerne County Court of Common Pleas. Appellee testified that a discussion occurred between the arresting officers and the Appellee where it was stated that the Appellee would lose his license whether or not he submitted to a breathalyzer test. Although one of the arresting officers denied the discussion took place, the

other officer admitted to some discussion of this kind. The Appellee had agreed twice to submit to the test, but refused at the police station because of this discussion. The trial court concluded that the Appellee did not knowingly nor consciously refuse to submit to the test and reversed the license suspension.

DOT maintains that the trial court erred in finding that, although he was properly warned, the Licensee's confusion over the consequences of his failure to take the breathalyzer test justified his refusal, and concluded thereby, that his refusal was not knowingly and consciously made. This very proposition was the subject of a recent decision of this Court which decision is deemed to be controlling.

In *Robert A. Forte v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles,* 94 Pa. Commonwealth Ct. 194, 503 A.2d 107 (1986), our Court held on facts almost identical to those in the case at bar, that where an officer properly warns a driver of the consequences of a refusal to submit to a breathalyzer test, the fact of additional discussion about the consequences of a subsequent *conviction* for driving while under the influence of alcohol, in no way negates the warning.

Accordingly, the order of the trial court is reversed and the order of the Department of Transportation suspending Appellee's license is hereby reinstated.

ORDER

AND NOW, this 29th day of August, 1986, the order of the Court of Common Pleas of Luzerne County is reversed, and the order of the Department of Transportation suspending Appellee's license for twelve months is reinstated.

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. The Vehicle Code at 75 Pa. C. S. §1547(b)(2) requires the police officer "to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing." In addition to being wrong in law, the information that the person's operating privilege will be suspended whether or not he submits to chemical testing invites the operator to refuse the test as of no consequence. This is just the opposite of the Legislature's direction that the operator be informed that his refusal will have the consequence of suspension.