515 A.2d 661

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* William Richard March, Appellee.

Submitted on briefs May 15, 1986, to Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Ellen M. Viakley, Berger, Kapetan, Malakoff & Meyers, P.C.,* for appellee.

OPINION BY JUDGE BARRY, October 2, 1986:

William March was arrested for driving while intoxicated and was taken to the State Police barracks in

Carlisle for the administration of a breathalyzer test. March was informed that refusing to take the test would result in a six-month suspension of his license. March refused to take the test. The statute which authorizes a suspension had been changed so that the period of suspension had been increased to one year.[1] The change in the law had gone into effect a few weeks before March was arrested. His license was suspended for one year by the Pennsylvania Department of Transportation. March appealed the suspension to the Court of Common Pleas of York County and was granted a *de novo* hearing. The court reversed the suspension. DOT appeals to this Court to reinstate the suspension.

We first note that all of the requirements have been met which are needed to suspend an individual's license for refusing to submit to a breathalyzer test. March was (1) arrested for driving while under the influence of alcohol when the arresting officer had reasonable grounds to believe he was driving while intoxicated, (2) asked to submit to a breathalyzer test, (3) refused to submit to the test, and, (4) specifically warned that refusal would result in the suspension of his driving privilege. These four requirements for license suspension are well settled. *Department of Transportation, Bureau of Traffic Safety v. Sinwell,* 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982).

The main issue in this case revolves around the fact that the officer operating the breathalyzer went beyond what was required and informed March of the length of suspension. The officer's information was incorrect because of the change in the law and March successfully argued before the lower court that when erroneous information is given in such a situation a suspension cannot be upheld.

---

[1] Section 1547(b)(1) of the Vehicle Code (Code), *as amended,* 75 Pa. C. S. §1547(b)(1).

Section 1547(b)(2) of the Code requires the police officer to inform the motorist that his license will be suspended if he refuses to take the breathalyzer test. In *Peppelman v. Commonwealth,* 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979), we held that if the warning was not accurate, the suspension will be reversed. However, in *Forte v. Department of Transportation, Bureau of Motor Vehicles,* 94 Pa. Commonwealth Ct. 194, 503 A.2d 107 (1986), and *Department of Transportation, Bureau of Driver Licensing v. Kardel,* 100 Pa. Commonwealth Ct. 198, 514 A.2d 306 (1986), we held that where the motorist has been properly warned, an erroneous, extraneous remark by the police officer will not negate the validity of the warning. The facts in the instant case indicate that petitioner was accurately warned that his failure to submit to a test would result in a suspension of his license. Because the police officer is not required to state the length of the suspension, we believe the officer's erroneous remark is of no consequence. As in *Forte* and *Kardel,* we therefore conclude that the extraneous statement does not invalidate a proper warning.

March next argues that the testimony of the breathalyzer operator was based on general procedure rather than specific recollection and is, therefore, unacceptable. This argument is without merit. The record indicates that the officer did recall the events leading up to March's refusal but that he could not recall what was said word for word.

March argues that this appeal should be dismissed pursuant to Pa. R.A.P. 2188, which permits dismissal of an appeal for failure to timely file a brief. Despite the fact that the filing of appellant's brief was untimely, the delay was not so egregious as to require dismissal.

In light of the preceding discussion, we can find no reason under law that the license suspension should

174

have been reversed. We reverse the court of common pleas and reinstate the suspension.

ORDER

NOW, October 2, 1986, the order of the Court of Common Pleas of York County, dated February 24, 1984, at No. 83-S-1074, is reversed and the one-year suspension of the driver's license of William March is reinstated.