520 A.2d 133

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Kenneth H. Wall, Appellee.

Submitted on briefs August 12, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Michael R. Deckman,* Deputy Chief Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE PALLADINO, January 23, 1987:

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety (DOT) appeals from an order of the Court of Common Pleas of Delaware County which sustained the appeal of Kenneth H. Wall (Appellee) from DOT's suspension of his driver's license. We reverse.

On January 25, 1982, DOT suspended Appellee's license for a period of six months pursuant to the mandatory suspension provision in Section 1547(b) of the Vehicle Code, *as amended*, 75 Pa. C. S. §1547(b), for refusing to take a breathalyzer test.[1] Under this provision, DOT has the burden of proving that the driver: (1) was placed under arrest for violating Section 3731 of the Vehicle Code, *as amended*, 75 Pa. C. S. §3731 (driving under the influence of alcohol); (2) was requested to submit to a chemical test; (3) refused to do so; and (4) was informed that his operating privileges would be revoked upon refusal to submit to chemical testing. 75 Pa. C. S. §1547(b).

Appellee does not contest the fact that he was arrested for driving under the influence, nor does he deny that he was requested to submit to a breathalyzer and warned that his failure to do so would result in suspension of his operating privileges.

Appellee's only contention, sustained by the trial court, is that his extreme intoxication made a knowing and voluntary refusal to submit to a breathalyzer test impossible. At the *de novo* hearing, Appellee's attorney examined the arresting officer, who was called as a hostile witness, with regard to his police report on the night of the arrest:

Q: You are the author of that report?

A: That's my signature on there, yes.

Q: Could you read from it, please, on the end of the third line?

A: Actor was intoxicated to the point that he could not stand on his own. Actor was taken to Franklin Center Pennsylvania State Police Barracks in Lima, Pennsylvania and subsequent-

---

[1] 75 Pa. C. S. §1547(b) has been subsequently amended, and, in its current form, provides for an automatic suspension of 12 months.

ly refused the breathalyzer test. Condition of the actor was such that it was hard to believe that he knew what a motor vehicle was, let alone drive one. Actor did not even know his own mother when she reported to the station.

Q: Officer, did this accurately portray the condition of Mr. Wall on that evening, Kenneth Wall?

A: That's being mild with it, yes.

Q: He was even worse than that?

A: That's correct.

Trial transcript at 5. Appellee argues that this extreme state of intoxication rendered him incapable of making a conscious and knowing refusal.

We have specifically addressed this issue since the time of the trial court's ruling. In *Walthour v. Department of Transportation,* 74 Pa. Commonwealth Ct. 53, 55, 458 A.2d 1066, 1067 (1983), we stated:

Where a driver has consumed alcoholic beverages sufficient to make him mentally or physically incapable of assenting to, or participating in, the alcohol test, that failure obviously stems directly from the driver's voluntary decision to imbibe alcohol. The fact that the driver did not knowingly or consciously fail to take the test, at the juncture of the request, is not determinative; the prospective loss of mental and physical capacity was a foreseeable consequence when the driver undertook consumption of the intoxicant.

Since voluntary self-intoxication is no defense to a refusal to submit to chemical testing for purposes of 75 Pa. C. S. §1547(b), we reverse the order of the trial court.

## ORDER

AND NOW, January 23, 1987, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is reversed.