521 A.2d 995

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Kenneth Richard Miller, Appellee.

Submitted on briefs October 23, 1986, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

No appearance for appellee.

OPINION BY SENIOR JUDGE KALISH, March 4, 1987:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Kenneth Richard Miller (appellee) from suspension of his operating privileges. We reverse, and reinstate appellee's license suspension.

The trial court, in its opinion sustaining the appeal, made the single statement that the appellee was not properly informed of the consequences of his refusal to take a breathalyzer test. Although the trial court made no other findings of fact, appellee did contend that he was very intoxicated and tired and does not remember being informed about the test.

Testimony in the record revealed that the officer did warn appellee that in the event of a refusal he would be suspended for six months instead of one year. Thus, the issue involved on review is whether the trial court made an error of law in holding that the police officer, in informing licensee of the consequences of his failure to submit to the test, must specifically state the exact length of time that his driving privilege will be suspended.

In *Department of Transportation, Bureau of Traffic Safety v. Sinwell*, 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982), this court said:

> We note that nowhere in Section 1547,[1] or the Code, is there any explicit requirement mandating a warning to a motorist of the exact length of his suspension if he fails to submit to a breathalyzer test. Instead, Section 1547(b)(2) [of the Code] simply provides that a motorist is to be warned that his or her 'operating privilege will be suspended or revoked upon refusal to submit to a chemical test.'

In *Department of Transportation, Bureau of Traffic Safety v. March*, 101 Pa. Commonwealth Ct. 171, 515 A.2d 661 (1986), this court held that where a driver is properly warned that his failure to submit to a breathalyzer test would result in a suspension of his license, an erroneous, extraneous remark by the police officer will not negate the validity of the warning. We believe that the court of common pleas in this case erred as a matter of law in concluding otherwise.

Furthermore, it has been well established that excessive intoxication is not a defense to a refusal to take a breathalyzer test. *Walthour v. Department of Transportation*, 74 Pa. Commonwealth Ct. 53, 458 A.2d 1066 (1983).

Accordingly, we reverse the trial court and reinstate appellee's license suspension.

## ORDER

Now, March 4, 1987, the order of the Court of Common Pleas of Allegheny County, No. SA 839 of 1983, dated April 17, 1984, is reversed, and the license suspension of Kenneth Richard Miller is reinstated.

---

[1] Section 1547 of the Vehicle Code (Code). 75 Pa. C. S. §1547.