545 A.2d 979

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Kathleen Potter, Appellee.

Submitted on briefs June 14, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Thomas J. Hines,* Assistant Counsel, with him, *Donald H. Poorman,* Assistant Counsel, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Joseph V. Monaghan, III,* with him, *Nicholas A. Clemente,* for appellee.

OPINION BY JUDGE COLINS, August 12, 1988:

The Department of Transportation, Bureau of Traffic Safety (Bureau) appeals from an order of the Court of Common Pleas of Philadelphia County sustaining the appeal of Kathleen Potter (licensee) whose operating privileges were suspended for a period of one (1) year pursuant to Section 1547(b)(1) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b)(1). We reverse.

To sustain a license suspension under Section 1547(b)(1) of the Code, the Commonwealth must prove that the licensee (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was specifically warned that a refusal would result in the revocation of her driver's license. *PennDOT v. Lielkajs,* 109 Pa. Commonwealth Ct. 148, 530 A.2d 1009 (1987).

The Bureau argues that the trial court committed an error of law when it found that the licensee was physically incapable of providing a sufficient sample of breath to satisfy the testing requirements. Furthermore, the Bureau contends that the licensee did not provide sufficient evidence to satisfy her burden of proving that she was physically incapable of taking the test. When a licensee fails to supply a sufficient breath sample, such conduct is tantamount to a refusal, thus warranting the suspension of the operating privilege. *Books v. PennDOT,* 109 Pa. Commonwealth Ct. 25, 530 A.2d

972 (1987); *Budd Appeal,* 65 Pa. Commonwealth Ct. 314, 442 A.2d 404 (1982).

The licensee argues that she was so intoxicated that it was impossible for her to make a knowing and conscious refusal. The cases in this Commonwealth have held absent an obvious medical infirmity, a motorist must prove the inability to make a knowing and conscious refusal by competent medical evidence. *Bureau of Traffic Safety v. Dauer,* 52 Pa. Commonwealth Ct. 571, 416 A.2d 113 (1980). No medical evidence was presented in the matter *sub judice.*

The only evidence presented on the licensee's behalf was her own testimony that she was blowing into the machine as hard as she could. A police officer testified that the licensee was so intoxicated that he could barely talk to her. Based on this testimony, the trial court determined that the licensee's conduct did not amount to a refusal. Basically, the trial court stated that the licensee was physically incapable of providing a sample sufficient to satisfy the testing police officer. Thus, she did not possess the ability to make a knowing and conscious refusal. This is an error of law and, as such, we must reverse the trial court.

Medical evidence is needed to prove a less than obvious inability to knowingly and consciously refuse to take the test. *Id.* Moreover, the licensee's apparent advanced state of intoxication which rendered her incoherent is not sufficient to satisfy the knowing and conscious refusal test. *PennDOT v. Miller,* 104 Pa. Commonwealth Ct. 318, 521 A.2d 995 (1987); *PennDOT v. Wall,* 103 Pa. Commonwealth Ct. 323, 520 A.2d 133 (1987); *Walthour v. Department of Transportation,* 74 Pa. Commonwealth Ct. 53, 458 A.2d 1066 (1983).

Accordingly, the order of the trial court is hereby reversed.

## ORDER

AND NOW, this 12th day of August, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed and the order of the Pennsylvania Department of Transportation suspending appellee's license for one year is herein reinstated.