583 A.2d 18

**Cheryl J. McLUCKIE, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 1, 1990.

Decided Nov. 28, 1990.

316

George J. Berry, III, Mercer, Mercer, Carlin & Scully, Pittsburgh, for appellant.

William A. Kuhar, Jr., Asst. Counsel, with him, Timothy P. Wile, Asst. Counsel in Charge of Appellate Section, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Pittsburgh, for appellee.

Before DOYLE and COLINS, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Before us for consideration is the appeal of Cheryl J. McLuckie from an order of the Court of Common Pleas of Allegheny County. The court dismissed McLuckie's appeal from a one-year suspension of her operating privilege imposed by the Pennsylvania Department of Transportation (Department) pursuant to Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b), due to her failure to submit to a breath test following her arrest for driving under the influence. We reverse.

McLuckie's arrest occurred after the vehicle which she was operating was stopped by Pittsburgh City Police following a hit and run accident. Officer Robert May approached McLuckie and observed that she had difficulty removing her driver's license from her wallet, that her speech was slurred, that there was an odor of alcohol on her breath, and that she had difficulty standing. Because of McLuckie's balance problem, Officer May did not administer field sobriety tests but called instead for a police wagon to take McLuckie to the police station for an intoxilyzer (breath) test. At this point, Officer May advised McLuckie of her *Miranda*[1] rights.

McLuckie was again advised of her *Miranda* rights by Officer May when they reached the police station. She was then turned over to Officer Cindy Lou Dietrich, the intoxilyzer operator. At the hearing before the common pleas court, Officer Dietrich testified as follows with regard to subsequent events:

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

I advised her the test was going to consist of her doing some performance tests for me. She was going to have to blow into the intoxalizer [sic] machine. At this time she told me she wasn't going to take the test until she could talk to her attorney. I told her she was not entitled to have an attorney present at that time.

. . . .

We went in and I started the intoxalizer [sic] machine. I showed her how she was going to have to blow, and at this point again she said she wasn't going to blow into the machine until she could talk to her attorney. I readvised her. I said, 'I told you don't have to [sic] right to have an attorney present now at this proceeding, and if you don't blow, you're going to lose your license for a year.' She said she would not blow.

Q. And then at that point did you mark it as a refusal?

A. Yes, sir.

(N.T. at 15–16).

 The sole issue we need address on appeal is whether Officer Dietrich's statements to McLuckie regarding her right to speak with an attorney prior to taking the breath test were sufficient to allow McLuckie to make a knowing and conscious refusal.[2] In making this determination, we are first and foremost guided by our Supreme Court's decisions in *Commonwealth v. McFadden*, 522 Pa. 100, 559 A.2d 924 (1989), and *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

---

2. In cases involving the suspension of a driver's license for refusal to submit to chemical testing, the Department must prove four elements: (1) that the licensee was placed under arrest for driving under the influence; (2) that he or she was requested to submit to chemical testing; (3) that he or she was informed that a refusal to submit to such testing would result in a suspension of his or her operating privileges; and (4) that he or she refused. *Department of Transportation, Bureau of Driver Licensing v. Iannitti*, 100 Pa.Commonwealth Ct. 239, 514 A.2d 954 (1986). Based upon the record made before the common pleas court, it is clear that the Department established these elements. The only question before us, therefore, is whether McLuckie's refusal to submit to the blood test was knowing and conscious.

In *O'Connell,* the Court addressed the relationship between the *Miranda* right to counsel and breath tests as follows:

> The problem in this case, and many similar cases that have arisen, is that these requests to take breathalyzer tests take place as part of the investigation conducted by police in regards to a drunk driving charge which is criminal in nature. The police proceed with the *Miranda* warnings and at some point (usually when the driver asks to see his lawyer) stop questioning and abruptly change 'hats' and ask the driver to submit to the breathalyzer test. If the arrestee hesitates and attempts to exercise his *Miranda* right by asking for a lawyer or asking to make a phone call, a refusal is recorded.

521 Pa. at 251, 555 A.2d at 877. In order to remedy this problem the Court set forth the following requirement:

> The law has always required that the police must tell the arrestee of the consequences of a refusal to take the test so that he can make a knowing and conscious choice....
>
> Accordingly, where an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.
>
> An arrestee is entitled to this information so that his choice to take a breathalyzer test can be knowing and conscious and we believe that requiring the police to qualify the extent of the right to counsel is neither onerous nor will it unnecessarily delay the taking of the test.

*Id.,* 521 Pa. at 252–53, 555 A.2d at 877–78 (citations omitted).

In *McFadden,* the Court held that the licensee's refusal to submit to a breath test was not knowing and conscious

because the police did not provide him with the information required by *O'Connell.* The facts in *McFadden* are sketchy, but the decision clearly indicates that the licensee was given his *Miranda* rights first at the scene where he was arrested and again at the police station, this time in writing, and was then requested to submit to a breath test. He refused and asked to make a telephone call which request *was granted.*[3] Subsequent to making the call, McFadden became belligerent and a refusal to take the test was recorded. We believe that it is highly significant that despite the fact that McFadden did complete his telephone call the Supreme Court nevertheless held that he was still entitled to be informed that his *Miranda* rights did not apply to the breathalyzer test.

Accordingly, in *Department of Transportation, Bureau of Driver Licensing v. Fiester,* 136 Pa.Commonwealth Ct. 342, 583 A.2d 31 (1990), we held that the language from *O'Connell* quoted *supra* clearly indicates that where *Miranda* warnings precede the chemical test request as well as the implied consent warning, such a juxtaposition is *per se* confusing. Therefore, absent an explanation by police of the inapplicability of the right to counsel to such tests, a licensee may establish a valid prima facie defense under *O'Connell* by showing that the *Miranda* warning preceded the request to submit to chemical testing.

In the instant case, it is clear from the record that McLuckie was advised of her *Miranda* right to counsel at least twice prior to the request that she submit to a breath test. It is equally clear that she requested to speak with an attorney prior to taking the test. *McFadden* and *O'Connell* require that the police "instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test." *O'Connell,* 521 Pa. at 253, 555 A.2d at 878. When we compare this language expounding the holding in *O'Connell* with the in-

---

**3.** The opinion does not indicate who McFadden called or what transpired during the conversation.

structions used by the police in this case, we conclude that the instructions given by the police to McLuckie were insufficient to satisfy this requirement.

 Officer Dietrich testified that she advised McLuckie that "she was not entitled to have an attorney present at that time," and that she did not "have [the] right to have an attorney present now at this proceeding." Where, as here, the arrestee is advised of her *Miranda* right to counsel and then seeks to exercise that right prior to submitting to a breath test or other sobriety test, we hold that the police must specifically advise the licensee that the right to counsel does not apply to such tests, and that vague phrases such as "at this time" or "at this proceeding" do not fulfill this requirement. The language in *O'Connell* is clear and specific as to what instructions the police must give licensees, and the instructions provided McLuckie in this case, unfortunately, did not pass muster.

Therefore, we hold that McLuckie has established a valid *McFadden* and *O'Connell* defense as contemplated in *Fiester*. Accordingly, the order of the common pleas court is reversed.

## ORDER

NOW, November 28, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed.