## PennDOT v. Horvath

*Francis P. Bach, assistant counsel,* for the Commonwealth.

*Frank Bognet,* for defendant.

RUBRIGHT, *J.,* October 17, 1991—This matter is presently before the court on the defendant's appeal from a suspension of his operating privileges for a period of one year due to his refusal to submit to a chemical test to determine the alcohol content of his blood. A hearing was held on August 26, 1991, after which counsel were requested by the court to submit briefs in support of their respective positions. We have received defense counsel's brief but, despite reminders to the Commonwealth's counsel, we have not received a brief from him. In order to avoid further delay, we will dispose of the matter without the benefit of a brief from the Commonwealth.

The relevant facts presented at the hearing are as follows: On March 2, 1991, at approximately 11:15

p.m., two officers from the McAdoo Police Department drove to a restaurant in the Borough of McAdoo and were told by a woman in the parking lot that her car had just been hit by a hit-and-run driver. She pointed out the vehicle involved as it left the area. The police followed the vehicle to the defendant's home. They approached the defendant, who had been driving the vehicle, and asked him for his license and registration. They noted an odor of alcohol on his breath, slurred speech, a staggering gait and a belligerent attitude. They placed the defendant under arrest for driving under the influence and advised him of his *Miranda* rights and the implied consent law. The defendant asked to speak to an attorney. Officer Petrilla told the defendant that he was not entitled to an attorney at that time because they would not be asking any questions. The defendant was asked to submit to a blood test. He agreed to submit to the test but, when he got to the hospital where the blood was to be drawn, he refused to sign a consent form supplied by the hospital and, although he held out his arms with his palms facing upwards, he refused to roll up his sleeves for the lab technician. His behavior was deemed a refusal to submit to the blood test. According to the defendant, he was confused as to why he did not have a right to counsel because Officer Petrilla had advised him of his *Miranda* rights.

In license suspension cases under section 1547(b) of the Vehicle Code, 75 Pa.C.S. §1547(b), the Commonwealth must establish that the driver involved: (1) was arrested for driving under the influence; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal

would result in the revocation of his driver's license. *Everhart v. Commonwealth,* 51 Pa. Commw. 22, 420 A.2d 13 (1980). Once the Commonwealth meets its burden, it is the driver's responsibility to prove that he was not capable of making a knowing and conscious refusal to take the test.

In *PennDOT v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989), the Supreme Court addressed the issue of whether a refusal to submit to a chemical test can be knowing where an individual was confused as to the applicability of his *Miranda* rights to the chemical testing procedures. The court held that:

"[W]here an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a [chemical] test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a [chemical] test, the police instruct the arrestee that such rights are inapplicable to the [chemical] test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test." *O'Connell* at 252, 555 A.2d at 878.

The Commonwealth Court has interpreted *O'Connell* to mean that, where the *Miranda* warnings precede the chemical test request as well as the implied consent warning, such a juxtaposition is per se confusing. *PennDOT v. Fiester,* 136 Pa. Commw. 342, 583 A.2d 31 (1990). Therefore, absent an explanation by the police of the inapplicability of the right to counsel to chemical testing, a licensee may make out a valid prima facie defense under *O'Connell* by a showing that the *Miranda*

warning preceded the request to submit to chemical testing. *Id.*

In *McLuckie v. PennDOT,* 136 Pa. Commw. 315, 583 A.2d 18 (1990), the Commonwealth Court found that where the arrestee is advised of his right to counsel and then seeks to exercise that right prior to submitting to a chemical test, the police must specifically advise the licensee that the right to counsel does not apply to such tests. The court held that phrases such as "at this time" and "at this proceeding" do not fulfill the requirement. *McLuckie* at 321, 583 A.2d at 21. Although the nature of the explanation required to be given by the police was not specified by the court in *McLuckie,* the court did hold in *PennDOT v. McGarvey,* 136 Pa. Commw. 358, 583 A.2d 39 (1990), that police must explain to an arrestee confused about the applicability of *Miranda* rights that a citizen's constitutional rights, although applicable to the criminal charges, do not apply under the implied consent law.

In the instant case, we find that although the Commonwealth met its burden of establishing a refusal by the defendant, the defendant has established that his refusal was not knowing. When he asked to speak to an attorney after being advised of his *Miranda* rights, he was told that he had no right to an attorney at that time because they would not be asking any questions. He was asked to submit to a blood test though. The defendant's resulting confusion was understandable and, based upon *O'Connell* and the Commonwealth Court interpretations of the holding in that case we find that the defendant's refusal to submit to a blood test was not knowing. Accordingly, we enter the following

## ORDER OF COURT

And now, October 17, 1991, at 11:10 a.m. after hearing and careful consideration of the evidence, it is hereby ordered that the defendant's appeal from the suspension of his operating privileges is sustained and the action of the Bureau of Driver Licensing is overruled.