608 A.2d 645

**Lloyd H. KITCHENOFF, Jr., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 14, 1992.

Decided April 29, 1992.

Lawrence J. Hracho, for appellant.

David R. White, Asst. Counsel, for appellee.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

This is an appeal by Lloyd H. Kitchenoff, Jr. (Licensee) from an order of the Court of Common Pleas of Berks County which upheld the imposition by the Department of Transportation (DOT) of a one-year suspension of Licensee's operating privileges for failure to submit to chemical testing pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547.

The pertinent facts are as follows. Licensee was stopped by the state police after he had been observed travelling in the left lane and then the center of the road in Heidelberg Township. When stopped Licensee had the odor of alcohol on his person. Licensee was then taken to the police station. There he was advised of his constitutional rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and read the implied consent law provisions verbatim as they appear in Section 1547 of the Vehicle Code which states:

Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol....

If any person placed under arrest for a violation of ... driving under [the] influence of alcohol ... is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

Thereafter, the officer told Licensee that he "must" submit to testing and that he had no right to refuse (N.T. 25–27) and that he was not allowed to consult with an attorney before submitting to chemical testing (N.T. 26). Nothing in the record indicates that Licensee was provided with a further statement that the reason his *Miranda* right to counsel did not attach was because the chemical procedures are not criminal in nature, but administrative. *McLuckie v. Department of Transportation, Bureau of Driver Licensing*, 136 Pa.Commonwealth Ct. 315, 583 A.2d 18 (1990), *petition for allowance of appeal denied*, 527 Pa. 654, 593 A.2d 425 (1991).

Licensee initially agreed to take the test. After the police officer had calibrated the breathalyzer machine it read 001, a proper calibration according to the officer. N.T. 15. Licensee, upon seeing this, was concerned that he would not be receiving an accurate test result. The officer explained that when the machine was turned to the "breath mode" the reading would then be 000. N.T. 16. Licensee, however, continued to be concerned as to the digital reading and refused the test despite being given three opportunities to take it. Consequently, his license was suspended by DOT. He then appealed to the common pleas court which found the arresting officer's testimony credible (the same officer also calibrated the machine) and affirmed the suspension. Licensee's appeal to this Court ensued.

■ On appeal our scope of review is limited to determining whether the common pleas court's findings are supported by competent evidence and whether it has committed legal error or abused its discretion. *Department of Transportation, Bureau of Traffic Safety v. Korchak*, 506 Pa. 52, 483 A.2d 1360 (1984). Credibility matters are for the trial court. *Id.*

■ Licensee first asserts that the officer's statement that he "must" submit to chemical testing rendered the mandatory implied consent warning inherently confusing so as to make his refusal not knowing and conscious. We disagree. In *Forte v. Department of Transportation, Bureau of Motor Vehicles*, 94 Pa.Commonwealth Ct. 194, 503 A.2d 107 (1986), we held that where, as here, the police properly warn a licensee of the consequences of the refusal to submit to chemical testing, an additional statement that the result of not taking the test was the same as flunking it, although inaccurate, did not negate the warning, but was, at most, extraneous. We believe that the same result is compelled on these facts.

■ Alternatively, Licensee contends that because he was given *Miranda* warnings, the failure to give an *O'Con-*

*nell*[1] warning renders his refusal invalid. In *O'Connell* the Supreme Court held that where *Miranda* warnings are given and a licensee then asks to speak to an attorney or someone else in connection with an attempt to exercise his *Miranda* rights in the context of the chemical testing procedures the police must advise the licensee that *Miranda* rights are not applicable to the chemical testing procedures and that the licensee does not have the right to consult with an attorney or anyone else prior to taking the test. Following the dictates of *O'Connell* this Court in *Department of Transportation, Bureau of Driver Licensing v. Fiester*, 136 Pa.Commonwealth Ct. 342, 583 A.2d 31 (1990), *petition for allowance of appeal denied*, 528 Pa. 632, 598 A.2d 285 (1991), held as follows:

> [W]here *Miranda* rights are followed by a request to take a chemical test and no explanation is given that the *Miranda* rights are inapplicable to the testing procedure, a *per se* violation of the *O'Connell* rule exists.

136 Pa.Commonwealth Ct. at 347, 583 A.2d at 33–34. We further, however, recognized in *Fiester* the possibility of an exception to that per se rule in a situation where the licensee, by his own evidence, indicates that his confusion was not over *Miranda* rights. *Fiester*, 136 Pa.Commonwealth Ct. at 347–48, n. 4, 583 A.2d at 34 n. 4. This is such a case. Licensee (who did testify) had only one complaint—that the display on the chemical testing equipment concerned him in that he believed that the appearance of numbers on the display presented the potential for him to be prejudiced by an inaccurate reading. No *O'Connell* warning could have alleviated his concerns. Consequently, we believe that the trial court properly upheld the suspension.

Affirmed.

FRIEDMAN, J., dissents.

1. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

## ORDER

NOW, April 29, 1992, the order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby affirmed.