609 A.2d 894

Joseph O'DONNELL, Appellant,

v.

COMMONWEALTH of Pennsylvania, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 14, 1992.

Decided May 18, 1992.

Joseph O'Donnell, pro se.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellee.

Before PALLADINO, and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Joseph O'Donnell (Licensee) appeals an order of the Court of Common Pleas of Allegheny County (trial court) dismissing

his appeal from a five-year driver's license revocation imposed by the Department of Transportation (DOT).

The chronology of this case is as follows:

July 25, 1988: Licensee convicted of violating section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731 (driving under the influence), on April 14, 1988.

July 26, 1988: Certification of July 25, 1988 conviction to DOT.

August 30, 1990: Licensee convicted of violating section 3731 of the Vehicle Code on January 12, 1990.

December 13, 1990: Licensee convicted of violating section 3731 of the Vehicle Code on March 30, 1990.

February 11, 1991: Certification of Licensee's December 13, 1990 conviction to DOT.

March 14, 1991: Certification of Licensee's August 30, 1990 conviction to DOT.

By letter dated April 25, 1991, DOT informed Licensee that as a result of his August 30, 1990 conviction, Licensee had been placed in habitual offender status because this was his third major violation within a five-year period. That letter further stated that Licensee's operating privilege was being revoked for five years pursuant to subsection 1542(d) of the Vehicle Code, 75 Pa.C.S. § 1542(d).[1]

Arguing that DOT erred by imposing the revocation on the basis of what was chronologically Licensee's second conviction, Licensee appealed the revocation to the trial court. The trial

---

1. Subsection 1542(d) provides for a five-year revocation of the operating privilege of an habitual offender. The term "habitual offender" is defined in subsection 1542(a) of the Vehicle Code, 75 Pa.C.S. § 1542(a), as:

   any person whose driving record, as maintained by the department [DOT], shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed ... within any period of five years....

   Subsection 1542(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1542(b)(1), references three convictions of "[a]ny offense set forth in section 1532", 75 Pa.C.S. § 1532, which, in turn, references convictions pursuant to section 3731. Subsection 1532(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(1).

court concluded that Licensee had been convicted of driving under the influence the requisite three times, and was properly classified as an habitual offender. It also concluded that Licensee was not prejudiced by DOT's "error" of revoking on the basis of what was chronologically Licensee's second conviction. The trial court entered an order dismissing Licensee's appeal.

On appeal to this court,[2] Licensee argues: (1) that DOT erred by ordering the revocation on the basis of Licensee's second conviction, and (2) that Licensee was prejudiced by the eight-month delay between his second conviction and DOT's revocation.

As to the first issue, subsection 1542(a) states that an habitual offender "shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions . . . ." In this case, when DOT sent out its revocation notice dated April 25, 1991, Licensee's driving record indicated that Licensee had accumulated the requisite three convictions specified in subsection 1542(b), specifically, those of July 25, 1988, August 30, 1990, and December 13, 1990.

Moreover, although DOT's notice of revocation referenced the August 30, 1990 conviction, which was chronologically Licensee's second conviction, the record of Licensee contained the requisite three convictions, so this administrative error did Licensee no harm. Certification to DOT of Licensee's second conviction occurred on March 14, 1991, over a month after the February 11, 1991 certification regarding what was chronologically Licensee's third conviction.

As to the second issue, Licensee argues he was prejudiced because he states that had he known of the imposi-

2. Our scope of review of a common pleas court's license suspension proceeding is limited to determining whether the common pleas court's findings are supported by substantial evidence, whether an error of law was committed, or whether there was a manifest abuse of discretion. *Waldspurger v. Commonwealth,* 103 Pa.Commonwealth Ct. 148, 520 A.2d 83 (1987).

tion of the five-year revocation as an habitual offender,[3] he would have appealed the one-year suspension of his operator's privilege imposed by DOT pursuant to subsection 1532(b) of the Vehicle Code, 75 Pa.C.S. § 1532(b), as a result of Licensee's December 13, 1990 conviction.[4]

We note that had Licensee appealed the suspension, he would have been met with the law which provides that in a license suspension appeal, the trial court may consider only whether the licensee was in fact convicted and whether DOT acted in accordance with applicable law. *Zeitlen v. Department of Transportation*, 106 Pa.Commonwealth Ct. 170, 525 A.2d 876 (1987). Licensee does not dispute that he was convicted on December 13, 1990, and that DOT acted in accordance with applicable law in imposing the suspension. Therefore, the trial court properly concluded that Licensee was not prejudiced.

Accordingly, we affirm.

## ORDER

AND NOW, May 18, 1992, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

---

3. Licensee has not argued that DOT committed administrative delay in revoking his license once it received the third certification. Where DOT has not committed administrative delay, judicial delay in forwarding a conviction certification to DOT is not grounds for vacating a suspension (or, as here, a revocation). *Department of Transportation, Bureau of Driver Licensing v. Green*, 119 Pa.Commonwealth Ct. 281, 546 A.2d 767 (1988), *affirmed per curiam*, 524 Pa. 98, 569 A.2d 350 (1990).

4. Subsection 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3), provides that "[t]he department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731...."