639 A.2d 938

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING,**

v.

**Gerald MARTINO, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 17, 1993.

Decided March 17, 1994.

Dante G. Bertani for appellant.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellee.

Before DOYLE and FRIEDMAN, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

Gerald Martino appeals an order of the Court of Common Pleas of Westmoreland County which dismissed his appeal from a one-year suspension of his operating privileges pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b).

The relevant facts are as follows. While on routine patrol, Officer Kari Bauer of the North Huntingdon Township Police, observed a vehicle which was being driven in an erratic "swerving manner." Upon stopping the vehicle, she approached the driver, Martino, and observed that he had glassy eyes and was emitting a detectable odor of alcohol. Officer Bauer called for backup and Officer William Sombo arrived at the scene. Martino was given several field sobriety tests which he failed. Accordingly, he was placed under arrest for driving under the influence of alcohol.

Officer Bauer advised Martino of the *Implied Consent Law* and told him that if he refused to submit to chemical testing, he would lose his license for one year. She also explained to Martino that his *Miranda*[1] rights did not apply to chemical testing. Martino refused to submit to the blood test and at no time did he indicate confusion with regard to the chemical testing or his *Miranda* rights.

The Department of Transportation (DOT) notified Martino that his operating privileges were scheduled to be suspended for one year pursuant to Section 1547(b)(1) of the Code, 75 Pa.C.S. § 1547(b)(1), for failure to submit to chemical testing. Martino filed an appeal pursuant to Section 1550 of the Code, 75 Pa.C.S. § 1550, and a hearing was conducted by the trial court on November 10, 1992. By order dated April 1, 1993, the trial court dismissed Martino's appeal. Martino appeals to our Court.

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ On appeal,[2] Martino first argues that DOT failed to sustain its burden of proof under Section 1547 of the Code, 75 Pa.C.S. § 1547, because the police did not have reasonable grounds to believe that "[Martino] or his vehicle were in violation of the Law thereby permitting the officer to stop [Martino's] vehicle." Martino, citing several opinions deciding criminal law charges, argues that, under a probable cause standard, the facts in this case cannot support a conclusion that he was operating his motor vehicle while under the influence of alcohol.

We find Martino's first argument to be completely devoid of merit because we have long held and it is well-settled that the probable cause standard is inappropriate in driver license suspension cases. *Department of Transportation, Bureau of Driver Licensing v. Johnson*, 102 Pa.Commonwealth Ct. 302, 518 A.2d 8 (1986); *Department of Transportation, Bureau of Traffic Safety v. O'Neill*, 100 Pa.Commonwealth Ct. 448, 514 A.2d 1008 (1986).

Instead, the correct inquiry is whether or not the police officer had reasonable grounds to believe that a motorist operated his or her vehicle under the influence of alcohol. *Wilson v. Commonwealth*, 53 Pa.Commonwealth Ct. 342, 417 A.2d 867 (1980). This determination is one of law. *Id.* Moreover, the test for determining whether reasonable grounds exist is not very demanding, nor does it require the arresting officer to be correct in his belief. *Department of Transportation, Bureau of Driver Licensing v. Paige*, 156 Pa.Commonwealth Ct. 600, 628 A.2d 917 (1993).[3]

2. In reviewing the decision of the trial court in a license suspension proceeding, we are limited to determining whether necessary findings of fact are supported by competent evidence, whether an error of law was committed, or whether there was a manifest abuse of discretion. *O'Donnell v. Commonwealth*, 148 Pa.Commonwealth Ct. 123, 609 A.2d 894 (1992). Moreover, we are required to view the evidence in the light most favorable to the party that prevailed before the trial court. *Department of Transportation, Bureau of Driver Licensing v. Malizio*, 152 Pa.Commonwealth Ct. 57, 618 A.2d 1091 (1992).

3. A police officer has reasonable grounds to believe that a motorist is operating a vehicle while intoxicated if a reasonable person in the position of the police officer, viewing the facts and circumstances as

■ Officer Bauer testified that she observed Martino operating his vehicle in an erratic swerving manner. After stopping Martino's vehicle, she approached and observed that Martino's eyes were glassy and bloodshot. Officer Bauer stated that she could detect a strong order of alcohol on Martino's breath. Finally, Officer Bauer testified that Martino failed two field sobriety tests which she administered. We conclude therefore that Officer Bauer's belief that Martino operated his vehicle under the influence of alcohol was objective in light of the surrounding circumstances, and, under the above facts, a reasonable person in the police officer's position could have concluded that Martino had operated his vehicle while intoxicated.

■ Martino next argues that he was precluded from making a knowing and conscious refusal to submit to chemical testing, because the police failed to properly clarify the extent of his right to counsel as set forth in *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

We have reviewed the record in this case and conclude that an *O'Connell* warning was unnecessary. Upon cross-examination, Martino stated:

A I have a brain tumor on my head, and I have to take Elavil to rebuild my system against headaches.

Q So because you were on the medication you refused?

A I felt that I would possibly get—they would find the drugs in my system, and I didn't want to be accused of

they appeared at the time, could have concluded that the driver was operating a motor vehicle while under the influence of alcohol. *McCallum v. Commonwealth*, 140 Pa.Commonwealth Ct. 317, 592 A.2d 820 (1991). We have further explained that:

'Reasonable grounds' does not require a police officer to witness the driver driving his car. In addition, the police officer's reasonable grounds will not be rendered void if the belief is later discovered to be erroneous. The police officer's belief must only be objective in light of the surrounding circumstances, and 'the existence of reasonable alternative conclusions does not necessarily preclude [the arresting officer's] actual belief from being reasonable.'

*Id.* at 321, 592 A.2d at 822 (alteration in original) (citations omitted).

taking drugs. I've never taken drugs in my life, and that is why I refused the test.

. . . .

Q So your refusal was purely on the fact that you didn't want [the police] to know about your medication?

A Yes. I did not want somebody to think that I took drugs.

(Notes of Testimony at 52.)

In *Department of Transportation, Bureau of Driver Licensing v. Fiester*, 136 Pa.Commonwealth Ct. 342, 347–48 n. 4, 583 A.2d 31, 34 n. 4 (1990), *petition for allowance of appeal denied*, 528 Pa. 632, 598 A.2d 285 (1991), we recognized an exception to *O'Connell* would exist in a situation where the licensee, by his own testimony, states that his confusion was *not* over *Miranda* rights. In this case, Martino, by his own testimony, explicitly stated that his reason for refusing the blood test arose, not from confusion over his *Miranda* rights, but because he wished to conceal medication in his system. Thus, no *O'Connell* warning could have alleviated his concerns. *Kitchenoff v. Department of Transportation*, 147 Pa.Commonwealth Ct. 552, 608 A.2d 645, *petition for allowance of appeal denied*, 532 Pa. 648, 614 A.2d 1144 (1992).

Based on the foregoing discussion, we affirm the decision of the trial court.

## *ORDER*

NOW, March 17, 1994, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is hereby affirmed.